J. W. BENTON v. STATE.

172 So. 858.

Opinion Filed February 26, 1937.

*Charles M. Durrance* and *Joseph S. Wilensky,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—On the 22nd of August, 1934, a man named Allen Cash, a pedestrian on the streets of Jacksonville, was struck by a passing automobile and injured so seriously that he died from such injuries within a few hours. Two months later, J. W. Benton was informed against in the Criminal Court of Record for Duval County on the charge of manslaughter for having inflicted the injuries upon Cash as it was alleged. There was a trial and a verdict of guilty as charged in the information and judgment duly entered upon the verdict. To that judgment Benton took a writ of error, from this court.

Two questions are presented: one, as to the sufficiency of the evidence to sustain the conviction, and the other as to the right of the accused to amend a motion for a new trial after the expiration of the time for filing such motion. As the judgment must be reversed upon the first assignment of error there is no necessity to discuss the second.

The accident occurred at night between eight and nine o'clock. There were some bystanders who witnessed it. The driver of the car which struck Cash drove on without waiting to see the extent of the injury he had inflicted, if he was aware of the accident. Persons standing near said that the car was a large black sedan driven by a negro, and others said that it was driven by a white man. One witness said that she noticed the number of the automobile tag and wrote it down at the time and that it was D15252. At another time she said the second figure was blurred and that

it might have been a 6. When the defendant was arrested he was taken by the officer to the station in the defendant's automobile, which bore a tag number D15262. There was other evidence of a semi-incriminatory nature, but all of it did no more than raise a weak probability of the defendant's guilt, which, of course, is not sufficient. Pate v. State, 72 Fla. 97, 72 South. Rep. 517.

It would be unnecessary to discuss the evidence and the testimony of the witnesses in detail because it would avail no useful purpose. We have examined the record and are satisfied that the evidence, which was entirely circumstantial, is not only weakly consistent with the theory of the defendant's guilt, but it is not inconsistent with any other reasonable hypothesis. See Folks v. State, 85 Fla. 238, 95 South. Rep. 619; Whetstone v. State, 31 Fla. 240, 12 South. Rep. 661; Simmons v. State, 99 Fla. 1216, 128 South. Rep. 486; Lee v. State, 96 Fla. 59, 117 South. Rep. 699; Davis v. State, 90 Fla. 816, 107 South. Rep. 245; Parish v. State, 98 Fla. 877, 124 South. Rep. 444; Cannon v. State, 91 Fla. 214, 107 South. Rep. 360; Hall v. State, 90 Fla. 719, 107 South. Rep. 246; Asher v. State, 90 Fla. 75, 105 South. Rep. 140.

Judgment reversed.

WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.