### STATE v. EVERETT LLOYD.

(Filed 2 February, 1951.)

**Automobiles § 29b: Criminal Law § 52a (3)—Evidence of defendant's identity as the perpetrator of the offense held insufficient.**

In this prosecution for reckless driving, the officers identified one of four speeding cars as a Mercury which one of them testified belonged to defendant, but the officers could not see who was driving the car. Defendant admitted he was the only person who drove his car on the night in question, but in the same statement denied that he was driving at the place in question and testified that he was at the time in a city some distance away, in which later statement he was corroborated by three other witnesses. *Held:* The evidence of defendant's identity as the driver of the speeding car is insufficient to be submitted to the jury.

APPEAL by defendant from *Harris, J.,* June Term, 1950, of ORANGE. Reversed.

The defendant was charged with driving an automobile recklessly and at a greater rate of speed than 55 miles per hour. There was verdict of guilty and from judgment imposing sentence, the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State, appellee.*
*R. M. Gantt for defendant, appellant.*

DEVIN, J. The only question presented by this appeal was whether the identity of the defendant as the person who committed the offense charged was sufficiently shown to warrant submission of the case to the jury.

It was not controverted that on the evening of 10 March, 1950, about 11:30 p.m. four automobiles were being driven west on highway 70 be-

tween Hillsboro and Mebane at a speed of 75 to 90 miles per hour. The highway patrolman with a local officer in his automobile set out in pursuit. The speeding automobiles turned left at Cheek's crossing and proceeded south and east on an unpaved road. The officers were unable to overtake the automobiles but succeeded in getting the number of one of the speeding cars—a Ford—and later learned that it belonged to William Godfrey. Another car was identified as a Mercury which the patrolman testified belonged to defendant Lloyd. Neither officer could see who was driving the Mercury, or either of the other automobiles. Godfrey admitted he was driving the Ford automobile. Warrant was issued for him 13 March, and he was tried 20 March in the Recorder's Court. Several days thereafter defendant Lloyd in conversation with the patrolman stated he was the only driver of his automobile the night of 10 March. The State contended that this admission, together with the patrolman's testimony that defendant's automobile was one of the speeding vehicles, was sufficient to carry the case to the jury, but defendant's statement must be considered in connection with his denial in the same connection that he was on the road west of Hillsboro at the time of the alleged offense, and the further testimony offered by defendant on this point in explanation that he drove to Durham that night and did not leave Durham until after twelve o'clock. In this he was corroborated by three witnesses who testified they saw and conversed with him that night in Durham and one of them serviced his automobile there about 11:30 p.m. Godfrey also testified he did not see defendant Lloyd the night of 10 March. Warrant was issued for defendant Lloyd 6 April, 1950.

From an examination of the evidence appearing in the record, of which the foregoing is a summary, we are inclined to the view that the defendant's motion for judgment of nonsuit should have been allowed. Though we observe the rule that on this motion the evidence should be considered in the light most favorable for the State, nevertheless the identification of the defendant Lloyd as the operator of one of the recklessly driven automobiles seems lacking. Hence we think the judgment should be reversed, and it is so ordered.

Reversed.