PER CURIAM.
The appellant was informed against, tried before a jury and found guilty of conspiracy to commit grand larceny and grand larceny. The sentences are fifteen months in the State penitentiary on the conspiracy to commit grand larceny and five years on the grand larceny, the sentences to run concurrently.
On this appeal, the appellant raises three points. The first point questions the sufficiency of the evidence to support the conviction of conspiracy to commit grand larceny. The second point questions the sufficiency of the evidence to support the conviction for grand larceny. The third point questions the sufficiency of the evidence as to both counts because of the claimed failure of the State to prove lack of consent on the part of the owner of the property which was stolen.
The facts are extremely lengthy and complicated. The testimony covers almost 1000 pages. We think that it is unnecessary to give a detailed statement of the evidence noted to determine this appeal. In general, it may be said that the evidence showed an attempt by the State Beverage Department, acting through .its agents and cooperating conspirators, to purchase unlicensed “island” whiskey. The purpose of this effort was to discover the source of untaxed whiskey which the agents knéw was being brought into this State from the neárby islands.
*392 In carrying out their plan, the agents were put in contact with the appellant Nash. Acting through him and others the agents discovered that they were able to purchase a truck load of whiskey which was not only untaxed but also stolen.
There is sufficient evidence m this record to convince a jury that appellant Nash was a party to the conspiracy, and that he knew that the whiskey was to he stolen. There is also evidence which would support a finding by the jury that, after the crime was accomplished, Nash assisted in the delivery of the whiskey to the purchasers, who were actually agents but were not known by appellant to be such. We therefore reach the conclusion that the conviction upon the count charging conspiracy to commit grand larceny must be affirmed. See Pine v. United States, 135 F.2d 353 (5th Cir. 1943); 15 C.J.S. Conspiracy § 39.
A consideration of the evidence upon the charge of grand larceny reveals that it is insufficient to establish the guilt of the appellant Nash. It is well established that where circumstantial evidence is relied upon for proof of guilt, such evidence must be not only consistent with guilt but also inconsistent with any reasonable hypothesis of innocence. State v. Trafficante, Fla.App. 1961, 136 So.2d 264; Ricard v. State, Fla.App.1966, 181 So.2d 677.
The State suggests that, because some of the physical evidence of the crime of larceny was not brought to this Court, we are precluded from a determination of the sufficiency of the evidence to support the conviction of this appellant. A reading of the record convinces us that none of the physical evidence would have been relevant to the actions of this appellant or tend to show his participation in the crime of grand larceny.
The judgment and sentence of the appellant Louis Nash for the crime of conspiracy to commit grand larceny is affirmed. The judgment and sentence of appellant Louis Nash for the crime of grand larceny is reversed and he is discharged therefrom.
Affirmed in part and reversed in part.