**Louis NASH, Petitioner,**

v.

**E. Wilson PURDY, as Sheriff of Dade County, and Charles Curry, Respondents.**

**No. 67–1052–Civ.**

United States District Court
S. D. Florida,
Miami Division.

March 5, 1968.
Final Order April 26, 1968.

838

Milton E. Grusmark, Miami Beach, Fla., for petitioner. ·

Richard E. Gerstein, State Atty., by Roy S. Wood, Asst. State Atty., Miami, Fla., for defendant.

CABOT, District Judge.

This is a petition for writ of habeas corpus filed by Louis Nash. Pursuant to the Court's order the respondents, through the State's Attorney's Office of the Eleventh Judicial Circuit, have filed their response with accompanying memorandum. Petitioner has filed a reply memorandum directed to the response of E. Wilson Purdy.

Petitioner was informed against and tried in the Criminal Court of Record in and for Dade County, Florida, for conspiracy to commit grand larceny and for grand larceny. It was alleged that petitioner and others did between the dates of April 5 and April 16, 1964, conspire to take and carry away approximately 1,000 cases of whiskey which were the property of one Austin, Nichols & Company, Inc. Petitioner was convicted on both counts and on June 8, 1965, sentenced to a term of imprisonment in the state penitentiary. On appeal to the Third District Court of Appeals, petitioner's conviction for grand larceny was reversed and he was discharged therefrom, but his conviction for conspiracy was affirmed, Nash v. State, 188 So.2d 391 (Fla.App. 3d Dist.1966). He petitioned for a writ of certiorari to the Florida Supreme Court which was denied on January 31, 1967, Nash v. State, 196 So.2d 926 (Fla.1967), and from this denial he petitioned for certiorari to the United States Supreme Court. This was also denied on October 9, 1967, Nash v. State, 389 U.S. 857, 88 S.Ct. 93, 19 L. Ed.2d 123, October 9, 1967. During the course of these appellate proceedings, he petitioned to the Supreme Court of Florida for a writ of error *corum nobis* which was denied on June 8, 1967. This petition then followed.

Petitioner asserts three grounds in support of his prayer for the writ. They are as follows:

1. Complete absence at trial of any evidence that petitioner knew of the theft of the whiskey.

2. Suppression by the state of exculpatory evidence.

3. The use during trial of statements and/or confessions of co-defendants made after the termination of the alleged conspiracy.

■ There are two threshold issues which must be decided prior to the discussion of the merits of this petition. The respondent contends that petitioner has not, insofar as ground 2 is concerned, exhausted his state remedies and that he should be required to adjudicate this issue through the state system by the use of the state post-conviction procedure, Rule 1, Florida Rules of Criminal Procedure, F.S.A. ch. 924 Appendix. However, the exhaustion of state remedies doctrine requires that the petitioner present this question to the highest court of the state only once. It is not necessary for the petitioner to use every conceivable available procedure, and after he has been to the state court once he has sufficiently exhausted his state remedies as to that point. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

■ It is next contended that petitioner is not "in custody" and thus the writ of habeas corpus is not available to him. As a matter of fact petitioner is not now in a jail or prison for commitment has been stayed by the trial judge pending final determination of this pe-

tition. This order entered on October 12, 1967, in State v. Nash, Case No. 64–3621–B, in the Criminal Court of Record in and for Dade County, Florida, also continued the present appeal bond and its conditions. The Court finds that the petitioner is "in custody" within the meaning of 28 U.S.C. § 2241. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct 373, 9 L.Ed.2d 285 (1963). The case at bar is factually similar in this respect to a case recently decided in this district by the Honorable Judge W. O. Mehrtens, Foster v. Gilbert, D.C., 264 F.Supp. 209. In that case the petitioner was released in custody of his attorney and the argument was made that this was not sufficient custody for the consideration of the writ. This contention was properly rejected by Judge Mehrtens, who recognized that such release merely freed petitioner from immediate physical imprisonment, but still imposed conditions which significantly confined and restrained his freedom. This is also true in the present case and, as was pointed out by Judge Mehrtens in *Foster*, this technical defense would no longer be available to respondents if sustained since that would terminate this proceeding and thus terminate the previous stay order. Thus petitioner would be imprisoned and entitled to bring a successive petition.

■ This Court finds that petitioner's allegations of suppression of favorable evidence by the state presents a factual issue which must be determined by a hearing. The state has not in its response denied the existence of this evidence nor has it denied that it was not revealed to petitioner or his counsel. However, the state does answer that this information was known by petitioner's counsel.

This Court reserves ruling on points 1 and 3 pending determination of the factual issues presented in point 2. Accordingly, it is

Ordered and adjudged that:

A. An alternative writ of habeas corpus is hereby granted.

B. Hearing will be held on April 25, 1968, at 10:00 A.M., limited to the issues raised by the allegations and answer concerning alleged suppression of favorable evidence by the state.

C. Pretrial conference will be held on April 8, 1968, at 3:00 P.M., and petitioner and respondents will comply with the attached pretrial order in all respects, including the filing of a pretrial stipulation on or before Monday, April 1, 1968. It will be the duty of the petitioner to see to the drawing and execution of this stipulation and its proper filing.

D. Petitioner and his counsel shall be permitted to investigate and take appropriate discovery from certain prisoners in the state penal institution at Raiford, Florida, and respondents shall take all necessary steps to insure the presence of such prisoners at the final hearing in this cause if requested by petitioner.

E. The Court reserves ruling on points 1 and 3 above, until the determination of the issues of point 2. Counsel may submit briefs on the legal issues contained in points 1 and 3 on or before April 8, 1968.

### Final Order

This cause came on for hearing before the Court sitting without a jury on the petition of Louis Nash for writ of habeas corpus, and the Court having considered the testimony, the record and the argument of counsel, and being otherwise duly advised in the premises, makes the following findings of fact and conclusions of law.

This is a petition for writ of habeas corpus filed by Louis Nash. This Court in its order of March 5, 1968, granted an alternative writ and set the cause for hearing. The Court in that order set forth many of the essential facts and they will not be repeated here. Petitioner was convicted of a conspiracy to commit grand larceny, i. e., to steal 1,000 cases of whiskey. The alleged conspirators were petitioner, Sherwood Rosen, Malcolm Roberts, Eddie Petrocine, John Shea and John Ricardo. It is clear that Ricardo and Shea were the central fig-

ures in the conspiracy. As a matter of fact, it appears that Roberts and Rosen did not even know Nash prior to the theft of the whiskey. Ricardo and Shea pled guilty and were in the Florida State Prison at Raiford at the time of the trial of the other four conspirators. At the trial statements or confessions of Rosen and Roberts were introduced. The Roberts confession was later held, on a writ of habeas corpus, to have been coerced and thus void. (Petitioner argues that this somehow in and of itself entitles him to release. However, the Court finds no legal basis for agreeing with petitioner, and even were there a legal ground, it is clear that this issue has not been presented to the state courts.) At the trial Petrocine was found not guilty, and petitioner, Rosen and Roberts were convicted. As stated in the Court's opinion of March 5, there are three issues presented on this record by petitioner in support of his prayer for relief. They will be discussed separately.

### I

■ The first issue as framed by the pleadings is petitioner's contention that there was a complete absence at the trial of any evidence on one essential element, to-wit: petitioner's knowledge that the whiskey was to be stolen. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). It must be remembered at this stage that this Court is not sitting as an appellate court as such; that is, it is not the function of this Court on a writ of habeas corpus to determine the sufficiency of the evidence by use of the test of whether the admitted circumstantial evidence here excluded every reasonable hypothesis of innocence. Rather, this Court only determines whether there was *any* evidence with reference to this one essential element. The Court has thoroughly reviewed the transcript of the proceedings in the trial court and finds and concludes that on the basis of the total evidence at the trial, together with the reasonable inferences arising therefrom, there was competent and substantial evidence on

trial to support the state's contention that Nash knew the whiskey was to be stolen. Accordingly, petitioner is not entitled to relief as to this ground.

### II

■ Petitioner's second point is based on the introduction into evidence of the confessions (or statements) of Rosen (Tr. 412, et seq.) and Roberts (Tr. 446, et seq.) Insofar as the Rosen confession is concerned, any reference to petitioner was deleted from the statement as read to the jury (Tr. 292). Insofar as the Roberts confession is concerned, there is no reference to petitioner at all so there is no spill-over effect prejudicial to the petitioner arising from the introduction of these confessions. As the Supreme Court has stated, concededly in dicta, albeit pertinent dicta:

> If [a co-defendant's] confession had included no reference to petitioner's participation in the conspiracy, its admission would not have been open to petitioner's objection. Similarly, if the trial court had deleted from the confession all references to petitioner's connection with the conspiracy, the admission of the remainder would not have been objectionable. Delli Paoli v. United States, 352 U.S. 233, 237, 77 S.Ct. 294, 297, 1 L.Ed.2d 278 (1957).

Accordingly, the Court finds and concludes that the petitioner is not entitled to relief on this ground as stated.

### III

■ The third point upon which this evidentiary hearing was held involves an allegation of suppression by the state of exculpatory evidence. The petition for habeas corpus was filed before this Court on October 17, 1967. On that same day an order to show cause was issued by the Court. Appended to the petition were statements of John Shea and John Ricardo taken in question-and-answer form at the Florida State Penitentiary at Raiford, Florida, on March 3, 1967, and April 5, 1967. At the hearing it was disclosed that Shea is now in Pennsylvania on parole and that, although sub-

poenaed, his parole officer refused to allow him to come to Miami to testify herein. Ricardo, it appears, is still in the Florida State Prison at Raiford. However, he too was not present to testify notwithstanding the language of the Court's order of March 5 directing the respondent to insure his presence at these proceedings. However, the respondent did stipulate to the introduction of the statements of Shea and Ricardo and that these statements reflected the testimony they would have given had they appeared. The alleged exculpatory evidence which was suppressed are the statements of these two co-conspirators, who had pled guilty, that Nash had nothing to do with the theft of this whiskey and did not know that it would be stolen. The statement of Shea offers no support to petitioner, however, for he clearly states at page 9 of that statement that he informed counsel for Nash that Nash was not involved. However, the following appears on page 1 of the statement of Ricardo of April 5, 1967:

Q. Mr. Ricardo I only have a few pertinent questions to discuss with you in regards to the arrest and conviction of one Louis Nash in that whiskey situation in Dade County. Can you tell me, if you remember, in your own words, when you were arrested in Dade County were you questioned about Mr. Nash's involvement in the stealing of this whiskey?

A. Yes, I was.

Q. What did you tell them about Mr. Nash's involvement?

A. I told them he had nothing to do with it and they, in turn, told me that they did not want to hear that or words to that effect.

Q. When you say "they," whom do you mean?

A. The officers who were questioning me.

Q. Do you remember if State Beverage Officer Eddy questioned you?

A. I don't remember any names.

Q. Do you remember an agent by the name of Fugate?

A. No.

Q. How about Detective Ryan [sic] of the Dade County Sheriff's Office?

A. I believe he might have been there.

Thus it is clear that Ricardo has testified that he told the arresting officers at the time he was arrested and interrogated that Nash had nothing whatsoever to do with the theft of the whiskey. Furthermore, the respondent has had this statement for over six months; yet at the hearing on this cause the respondent put on as his witnesses, among others, one of the Assistant State's Attorneys who took part in the prosecution of this case, and who admittedly was not present when Ricardo was arrested or interrogated and admitted that he had never spoken to Ricardo. The fact that any evidence allegedly suppressed from the defense was also withheld from the prosecuting attorneys has no bearing on this issue. It is clear that non-disclosure is not neutralized when the deception is practiced on the prosecuting attorney as well as the defendant. Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964). Also called were three Beverage agents who took part in various phases of the investigation, and who all testified that they had never spoken to Ricardo and presumably were not present when he was arrested and interrogated. The Court finds difficulty finding the materiality or relevancy of this testimony. It is clear from Ricardo's statement that this alleged exculpatory evidence was given to the arresting officers, possibly one Detective Rein of the Dade County Sheriff's Office. The Court cannot understand and has not been given any reason by the respondent for not presenting the testimony of Detective Rein or any member of the Sheriff's Department or other investigative agencies of the state who were present during the arrest and interrogation of Ricardo. To prove that other investigative officers involved in the case never spoke to Ricardo is an exercise in futility. All that the state needed to do was to check the arrest records at the Dade County Sheriff's Department to get the names of the

arresting officers and have them appear and testify that Ricardo did not disclose this exculpatory evidence to them. According the respondent the most favorable inference possible under these circumstances it may only be assumed that had these officers testified they would have corroborated Ricardo's testimony and thus disclosed that the state did suppress exculpatory evidence. Furthermore, the respondent, notwithstanding the position taken in his response, failed to produce evidence that the exculpatory statement was known to defense counsel. It does no good to argue that counsel knew the name and address of Ricardo since there is no evidence that defense counsel had been given a hint as to the exculpatory character of Ricardo's potential testimony. See Jackson v. Wainwright, 390 F.2d 288 (5th Cir. February 26, 1968).

■ The state in argument also urges that the evidence suppressed was not sufficiently exculpatory to warrant the granting of the relief sought herein. It is clear from the record that the state could have charged petitioner with conspiracy to receive stolen property, the substantive crime of receipt of stolen property, sale of whiskey without a license, conspiracy to sell whiskey without a license, and possible state and federal crimes involving untaxed whiskey. However, the state chose to charge the petitioner with conspiracy to steal the whiskey, and the substantive crime of the theft. Furthermore, to say the least the evidence of a conspiracy was not strong and, insofar as the substantive crime was concerned, insufficient. Nash v. State, 188 So.2d 391 (Fla.App. 3d Dist. 1966). It cannot be said, therefore, that the testimony of the man who must be characterized as the hub of the conspiracy that petitioner was not involved and did not know of the theft of the whiskey and was only a salesman may not have materially affected the jury's verdict herein. Accordingly, because of the foregoing, the Court finds and concludes that the state. suppressed exculpatory evidence, thus denying petitioner due process and he is thus entitled to the relief sought. It is, therefore,

Ordered and adjudged that the alternative writ of habeas corpus heretofore issued is now made absolute, and respondents are directed to discharge petitioner unless the state chooses to retry him within ninety days from the date of this order.