227 So.2d 349 (1969)
Wesley M. RHODEN, William Edward Hendrickson and Shannon Earnest Wiggins, Appellants,
v.
The STATE of Florida, Appellee.
Nos. K-156, K-37.
District Court of Appeal of Florida. First District.
October 23, 1969.
Louis O. Frost, Jr., Public Defender, and Ralph W. Nimmons, Jr., Asst. Public Defender, for appellants.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The three appellants were jointly charged and tried in the Criminal Court of Record of Duval County for the crimes of grand larceny and breaking and entering with intent to commit a felony, and have appealed from their judgments of conviction and sentence, based upon a jury verdict.
The basic question presented for our determination in this appeal is whether the evidence at the trial was sufficient to sustain the judgment as to each of the appellants.
Briefly stated, the evidence at the trial was substantially as follows:
On the day in question furniture belonging to a Mr. and Mrs. Craven and their daughter was stolen from a garage apartment in the City of Jacksonville after the apartment was forcibly broken into. That night a deputy constable in that area was following a car pulling a U-Haul trailer, which was full of furniture taken from the apartment. The car made a quick turn left, near where the appellant Shannon Earnest Wiggins lived, and stopped. The deputy then saw three men running from the car, but he was unable to identify the men. About an hour later Wiggins walked up, told the deputy that he knew nothing about the car and trailer, and walked away.
*350 The operator of a U-Haul trailer rental business testified that on the date of the crime, according to a copy of a rental receipt, he rented the trailer in question to Wesley Rhoden.
Detective Sergeant Carpenter testified that on the day following the crime he examined the said car and trailer and "lifted" approximately 60 latent fingerprints from the furniture, the automobile, and the trailer. He attempted to label the latent fingerprints according to where they came from, but someone turned on a huge fan in the garage where the witness was working, which fan blew the labels from the latent prints. Carpenter then turned the prints over to the Identification Department of the Detective Division of the Sheriff's Office. These latent prints were received in evidence at the trial over the appellants' objection. Carpenter could not, however, tell which prints came from the car, which from the trailer, and which from the furniture.
An identification officer with the sheriff's department testified that he understood that the said latent prints were taken by Sergeant Carpenter. He further testified that he personally fingerprinted Hendrickson and Wiggins, but he did not fingerprint Rhoden. Photographic enlargements of the latent prints and the fingerprint cards were received in evidence over the appellants' objection. The witness testified that he made the enlargements of the Wiggins and Hendrickson cards, but that a former employee made the Rhoden photographic enlargements, but the witness did not know when this was done. All of the mentioned enlargements were admitted in evidence over the appellants' objection. The said witness testified that "a trusty" took Rhoden's fingerprints  but neither the trusty nor anyone else testified that he took Rhoden's fingerprints.
The appellants Wiggins and Hendrickson took the stand and testified at the trial, but the appellant Rhoden did not.
Hendrickson testified that he had known his co-defendants for about three and a half years; that he had gone with them to rent a U-Haul trailer for the purpose of moving some furniture for Mrs. Cindy Horton; that he and a number of other persons had previously on many occasions driven Rhoden's car; and that he had no knowledge of any breaking and entering at the Cravens' garage apartment.
Wiggins testified at the trial that he had been living in one of Mrs. Horton's properties, at the place where the deputy constable, as mentioned above, found the car and trailer; and that he got Hendrickson and Rhoden to help move Mrs. Cindy Horton's furniture, which moving they finished after dark. Wiggins then admitted that he took Rhoden's car, went to the Cravens' garage apartment, stole the furniture, and returned home; that he was the only one involved in the burglary at the apartment and that Hendrickson and Rhoden knew nothing about it.
Mrs. Horton testified that she knew all three appellants; that she bought some furniture from a friend and they had agreed to help her move it to her house; that she was with Rhoden when he rented the trailer; and that they picked up the furniture from the friend's house and unloaded it at Mrs. Horton's home.
Thus, the evidence adduced at the trial purporting to identify the appellants Hendrickson and Rhoden as participants in the crimes charged against them, along with Wiggins, consisted almost exclusively of circumstantial evidence  that is, the fingerprint evidence.
The rule is well established in Florida that in criminal prosecutions where circumstantial evidence is relied on for proof of guilt, such evidence "must not only be consistent with defendant's guilt, but it must also be inconsistent with any reasonable hypothesis of his innocence." Driggers v. State, 164 So.2d 200 (Fla. 1964). Nash v. State, 188 So.2d 391 (Fla.App. 1966).
*351 Another rule applicable here applies to fingerprint evidence  namely, that fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed. This rule was recognized and applied by the District Court of Appeal, Third District of Florida, in Ivey v. State, 176 So.2d 611 (1965), in which the defendant was convicted of grand larceny and breaking and entering a store building with the intent to commit a felony. The only evidence offered to prove the identity of the defendant as the culprit was a fingerprint on a glass jalousie which was taken from the front door of the store building. The District Court of Appeal said:
"The State concedes that this case is governed by the principle set forth in Tirko v. State, Fla.App. 1962, 138 So.2d 388, that fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed. This requirement was not met in this case because the print was in a public place and the record does not preclude that it might have been placed there some time before the crime."
Applying this fingerprint rule to the appellant Rhoden's case, the jury could not have reasonably or legally concluded from the evidence that his fingerprints were made at the time the crimes charged were committed. In the first place, there was no testimony that Rhoden's latent prints were found on the Cravens' furniture, but only that they were found on his car, the trailer he had rented, or the said furniture. Certainly if the latent prints in question were found on his car or the said trailer, the presence of such prints on a person's own car or a trailer he had rented could easily and naturally have been placed there well before the time of the crimes. In the second place, there was an absolute failure to prove that any of the latent prints were Rhoden's. There was no proof that Rhoden was ever fingerprinted, so there was no evidentiary basis for concluding that any of the latent prints, wherever found, were those of Rhoden. Since there was no other evidence that Rhoden participated personally in the crimes charged, his judgment of conviction and sentence cannot stand.
The case against the appellant Hendrickson was not quite so weak as that against Rhoden, for the identification officer testified that he personally fingerprinted Hendrickson, but he did not testify that any latent print found on the Cravens' furniture was identical to a Hendrickson fingerprint, nor did the evidence show that any of Hendrickson's latent prints "could have been made only at the time the crime was committed," under the rule discussed above.
Expressing it another way, the evidence of identification against the appellants Rhoden and Hendrickson, in our opinion, was legally insufficient to sustain those appellants' convictions, under the above-mentioned circumstantial evidence rule  that the evidence of guilt "must not only be consistent with defendant's guilt, but it must also be inconsistent with any reasonable hypothesis of innocence." Here the evidence was clearly consistent with a reasonable hypothesis of innocence  namely, that the extent of Rhoden's and Hendrickson's participation in the events was the renting of the trailer which they used to move Mrs. Horton's furniture and which Wiggins later used in stealing the Cravens' furniture.
On the other hand, we hold that the evidence was sufficient to sustain the conviction of the appellant Wiggins for the crimes charged. His testimony that he stole the Cravens' furniture from their garage apartment, plus the circumstantial evidence pointing to his guilt  were ample to sustain his conviction.
Therefore, the judgments of conviction as to the appellants Rhoden and Hendrickson *352 are reversed and the judgment as to Wiggins is affirmed.
It is so ordered.
WIGGINTON and SPECTOR, JJ., concur.