273 So.2d 146 (1973)
Lonnie O. WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 72-320.
District Court of Appeal of Florida, Second District.
February 16, 1973.
*147 W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant; Lonnie O. Whitehead in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
LILES, Acting Chief Judge.
Appellant was convicted of first degree murder and sentenced to life imprisonment for his alleged participation in a robbery attempt which resulted in the death of a grocery store owner.
The main question in this appeal is whether the evidence was sufficient to sustain the jury verdict. A review of the facts most favorable to the State indicates: (1) the defendant was in the store near the door during the commission of the murder, (2) the defendant was identified by a ten year old boy as having been sitting in the passenger seat of his own automobile outside the store with another man who was wearing a shirt of the same color as a man the boy later saw running away from the store.
On the other hand, there is no evidence that the appellant participated in the robbery or the murder. He had no gun. There was no communication whatever between the man who shot the store owner and the defendant. He did not run from the store as did the murderer. He remained at the store after the police arrived although he had opportunity to leave. He attempted to leave only after it became apparent that he was a suspect in the case. He testified that he was merely entering the store to make a purchase.
These facts counterbalancing the State's evidence are important; but it is the weight of the State's evidence only which should be considered here. The defendant's close proximity to the actual commission of the crime does not alter the circumstantial nature of the evidence against him. The State has the burden of proving beyond a reasonable doubt all the elements of its case. Savage v. State, 152 Fla. 367, 11 So.2d 778 (1943); Campbell v. State, 92 Fla. 775, 109 So. 809 (1926). Beyond this, where circumstantial evidence is relied upon, such evidence must be consistent with guilt; but further, must be inconsistent with any reasonable hypothesis of innocence. Rhoden v. State, 227 So.2d 349 (1st D.C.A.Fla. 1969); LaMonte v. State, 145 So.2d 889 (2d D.C.A.Fla. 1962); Nash v. State, 188 So.2d 391 (3d D.C.A.Fla. *148 1966) cert. den. 389 U.S. 857, 88 S.Ct. 93, 19 L.Ed.2d 123. The circumstances, which themselves must be proven beyond a reasonable doubt, must be of such a conclusive nature that the defendant's guilt is proven beyond a reasonable doubt. As this court stated in LaMonte, supra. "It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof."
We do not believe the evidence linking the appellant to either a robbery or a murder was that conclusive. Circumstantial evidence is insufficient as a matter of law if it produces nothing more than a suspicion of guilt. Ricard v. State, 181 So.2d 677 (3d D.C.A.Fla. 1966); LaMonte v. State, 145 So.2d 889 (2d D.C.A.Fla. 1962).
We therefore reverse and remand for a new trial.
HOBSON and BOARDMAN, JJ., concur.