PER CURIAM.
Appellant, Thomas, was indicted for the premeditated murder of his one-month old daughter. A jury verdict of guilty of murder in the second degree resulted in the imposition of a sentence of six months to twenty years. The case against Thomas was essentially circumstantial, as is often true in cases of this nature.
The evidence demonstrates that the child was murdered. The evidence was sufficient to show that appellant had mistreated the baby in the past and had threatened to kill her. Yet, the evidence that appellant committed the act was circumstantial.
When circumstantial evidence is relied upon for conviction, the circumstances when taken together must lead to a reasonable and moral certainty that the accused, and no one else, committed the offense. LaMonte v. State, Fla.App.2nd, 1962, 145 So.2d 889.
We doubt that it can be said that the evidence was such as to lead one to a moral certainty that appellant, and no one else, committed the crime because there is a reasonable alternative hypothesis that the child was killed by her mother.
However, the evidence reflects that appellant and the mother were together with the baby at a time when the jury had a right to believe the killing was accomplished. Considering the totality of the evidence, we, at the very least, believe it was sufficient to convict appellant as an aider and abetter. See Newman v. State, Fla. 1967, 196 So.2d 897. The fact that no instruction on aiding and abetting was requested or given would not prevent such a conviction. State v. Roby, Fla. 1971, 246 So.2d 566. The only reasonable alternative hypothesis to guilt on the murder charge is guilt as an aider and abetter.
We have reviewed the record on appeal and heard oral argument by counsel. We conclude that there was sufficient, competent evidence in the instant case to support the conviction of either second-degree murder or aiding and abetting.
*90 We have reviewed the many other questions raised by the appellant and find them' to be without merit.
Affirmed.
McNULTY, a. C. J., and BOARDMAN and GRIMES, JJ., concur.