294 So.2d 387 (1974)
Walter KNIGHT, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 73-586.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
Richard L. Jorandby, Public Defender, and Bruce J. Daniels, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., Tallahassee, for appellee.
WALDEN, Judge.
Defendant was convicted of three crimes specified in three counts, all contained in the same information. Counts 1 and 2 dealt with grand larceny and breaking and entering a concrete company in November 1972. Count 3 dealt with the breaking and entering of a gasoline service station in September 1972. The crimes charged in Counts 1 and 2 were in nowise related to that specified in Count 3. Defendant's pre-trial motion to sever them, that is to say, Counts 1 and 2 from Count 3, pursuant to Rule 3.152(a)(2), F.R.C.P., 33 F.S.A., was well founded and should have been granted.
Defendant appeals. Our decision  we affirm the conviction on Counts 1 and 2. We reverse as to Count 3 because of an insufficiency of evidence and direct that a new trial be awarded to the defendant as to it.
*388 Broadly, the appeal challenges the sufficiency of the proofs to convict and the error in denying the severance motion.
Upon review, the evidence as to defendant's guilt under Counts 1 and 2 is strong and altogether adequate. We see no reason to detail and discuss it.
The evidence as to defendant's guilt in breaking and entering the service station (Count 3) is of a different weight and hue.
Sometime between 9:00 p.m., Saturday, September 24, 1972, and 7:00 a.m., Sunday, September 25, 1972, with the exact time being unspecified, the service station was broken into and a number of items stolen. A policeman on patrol that night had sighted an unfamiliar and unoccupied vehicle parked at the station and had made note of the license tag number. Approximately two months later the same policeman saw the same car. He stopped the vehicle and asked defendant, who was driving, to open the trunk. An adding machine was found there, later to be identified as one taken from the J.S. Concrete Company (the premises described in Counts 1 and 2). In November of 1972 this concrete company had been robbed of a typewriter, an adding machine, bolt cutters and a sabre-saw. None of the property allegedly taken from the service station was ever recovered. One latent finger print belonging to appellant was found at the service station. The print was found at the base of the service bay door. The proofs do not definitely show that the print was near a lock or a handle or to be in a position a customer could not have reached. It was not shown when and under what circumstances the print was made.
Back to the car in question. It was owned by a Mrs. Witherspoon who at various times and places had lent the car to others. There was no evidence that defendant was driving the car or was possessed of it on the night of the service station break-in.
Summarizing, then, the only evidence of defendant's guilt is one latent finger print of the defendant which was found on the premises with no showing as to when or under what circumstances it was imprinted. Two months following the break-in defendant was found to be driving a car which had been spotted in the immediate vicinity of the premises on the night or morning that they were entered.
At best, and even after pyramiding allowable inferences, this evidence raises only a mere possibility of guilt, or only a wonderment that the accused was implicated. This is not sufficient to uphold a conviction. Lombardo v. State, 55 So.2d 914 (Fla. 1952); Benton v. State, 127 Fla. 206, 172 So. 858 (1937); Whitehead v. State, 273 So.2d 146 (2d D.C.A.Fla. 1973); Boswer v. State, 265 So.2d 55 (3d D.C.A.Fla. 1972). The mentioned circumstances raised a suspicion, but it can not be said that the evidence established defendant's guilt beyond a reasonable doubt. See Pennington v. State, 219 So.2d 56 (3d D.C.A. Fla. 1969); Lombardo v. State, supra. The rule in these instances is well known to be:
"[W]hen circumstantial evidence is relied upon, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts are equally consistent with some other rational conclusion than that of guilt, or if the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypotheses is rather than another, such evidence cannot be proof, however great the probability may be." 5 Fla.Jur. Burglary and Housebreaking § 24 (1955).
Hubbard v. State, 73 So.2d 850 (Fla. 1954); Rivers v. State, 140 Fla. 487, 192 So. 190 (1939); Wright v. State, 182 So.2d 273 (3d D.C.A.Fla. 1966). With respect to finger print evidence in particular, it has been held that when a finger print is found in a *389 place open to the public a defendant will not be convicted on that alone. See Dixon v. State, 216 So.2d 85 (2d D.C.A.Fla. 1968). Finger print evidence must meet the requirement that the circumstances must be such that the print could only have been made at the time of the crime. Wilkerson v. State, 232 So.2d 217 (2d D.C.A.Fla. 1970); Rhoden v. State, 227 So.2d 349 (1st D.C.A.Fla. 1969); Tirko v. State, 138 So.2d 388 (3d D.C.A.Fla. 1962).
Thus, after viewing the evidence and inferences leading to defendant's guilt in the strongest possible light we are of the opinion, as a matter of law, that same is not sufficient to uphold the verdict and defendant's conviction under Count 3.
How about the error in the trial court's refusal to sever? We are of the opinion that our reversal under Count 3 ameliorates the problem and renders the error harmless. As stated, the proofs as to Counts 1 and 2 were strong. We do not feel that the evidence as to the crime under Count 3, even though improper and not qualified under Williams v. State, 110 So.2d 654 (Fla. 1959) in the trial under Counts 1 and 2, was of such moment as to require reversal of the conviction under Counts 1, and 2, F.S. 924.33, F.S.A. (1971).
We now comment in passing upon a matter of some internal acuteness to this appellate court. The state repeatedly asserts that we should summarily affirm because the defendant failed to have the exhibits which had been introduced into evidence incorporated into the record on appeal. This is asserted without stated rationale or specificity. We can only assume that the state is aggrieved because the defendant failed to have forwarded to this court the various fingerprint cards and photographs as well as the stolen bolt cutters and adding machine. We totally fail to see what the inclusion of such materials would have added to the appellate presentation. Rule 3.6, F.A.R., 32 F.S.A., provides:
"Rule 3.6 Record-on-Appeal
"g. Transcript of Record.
"(2) Contents and Form. No matter shall be included in the transcript of record that is not within the scope of the assignments of error. All pleadings, evidence and other matters not essential to the decision of said points shall be omitted . .. ." (Emphasis added.)
These items would only unnecessarily clutter up our Clerk's Office and provide problems in transportation back and forth between courts. We are continually receiving unnecessary and unneeded exhibits which cause a very real problem in storage, security and transportation. We commonly receive weapons, contraband, automobile tires and wheels, portions of burned premises, etc., which are in nowise essential or helpful to our disposition of the appellate points. In matters of such bulk and sensitivity, it is our strong hope that counsel will forebear and in cases of doubt obtain stipulation from opposing counsel as to the lack of necessity for same, or else apply to the trial court or this court for some ruling or guidance in the matter.
We do, therefore, affirm defendant's conviction as to Counts 1 and 2 and reverse defendant's conviction as to Count 3 with respectful instructions to afford him a new trial as to it.
Affirmed in part; reversed in part, and remanded.
OWEN, C.J., and RUDNICK, VAUGHN, J., Associate Judge, concur.