307 So.2d 468 (1975)
In the Interest of A. V. P., a Minor, Appellant,
v.
STATE of Florida, Appellee.
No. V-349.
District Court of Appeal of Florida, First District.
February 7, 1975.
*469 Maurice Wagner and Richard D. Bertone, Holly Hull, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Acting Chief Judge.
This is an appeal from a final judgment adjudicating the subject child to be delinquent and committing him to the Division of Youth Services for an indeterminate period. The judgment was based upon a finding by the court that the child was guilty of an attempt to commit the crime of arson.
The trial judge based his adjudication of guilt upon his finding that "the child was within 200 feet more or less of the fire scene during the night of the fire" and "that there was a fingerprint of the child on a bottle filled with gasoline, found in the vicinity of the fire and said fingerprint was placed there within the ambit of the crime."
We have read the record and the briefs and considered the oral arguments of the attorneys. The only evidence of the child's guilt is his fingerprint found on the bottle which the trial judge alluded to in his order. This bottle of gasoline was one of several found at the scene of the fire which had been thrown into or against the building (the Flagler County Courthouse). In addition to the child's fingerprint, the bottle had five or six additional prints thereon. No attempt was made by the investigating officer to ascertain the identity of the remaining five or six fingerprints. While the child's fingerprint found on the soft drink bottle shows that he at some time touched the bottle, there is no evidence that he touched it at a time relevant to the arson. The burden was upon the state to prove that this circumstantial evidence was not only consistent with guilt but was inconsistent with innocence. In Rhoden v. State, Fla.App. (1st), 227 So.2d 349, this court said:
"... fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed."
Also see this court's opinion in Arant v. State, Fla.App. (1st), 256 So.2d 515, a case wherein a fingerprint was found on a can containing a marijuana plant. There the court said:
"The fingerprint proves quite conclusively that appellant touched the can. It tells us nothing about when. It could have been before the plant was in the can or it could have been afterwards. Obviously the trier of fact thought it probable that the print was made after the plant's presence in the can was manifest. But guilt cannot rest on mere probabilities."
We have found no support in the record for the trial judge's finding that the child was "within 200 feet more or less of the fire scene during the night of the fire" other than possible inadmissible hearsay which was admitted by the trial judge solely for the purpose of attempted impeachment by the state of one of its own witnesses. The trial judge specifically ruled such evidence to be inadmissible on the question of the child's guilt or innocence.
*470 The evidence presented in this case does not support the court's finding of the child's guilt.
Reversed.
JOHNSON, J., and MASON, ERNEST E., Associate Judge, concur.