MILLS, Judge.
A jury convicted Reynolds of burglary of a conveyance. He appeals contending the trial court erred in denying his motion for judgment of acquittal because the circumstantial evidence adduced by the State failed to identify him as the burglar and contending that fundamental error was committed when the State elicited testimony from a witness that after Reynolds was given his Miranda rights he made no statement. We do not agree and affirm.
The victim’s car was thoroughly washed a day and a half before the crime was committed. All of the parts subsequently found removed were intact at that time. A fingerprint of Reynolds and an unidentified fingerprint were found on a mirror which had been mounted on the driver’s side of the victim’s car but after the crime was found on the floor of the car. A radio, a rearview mirror and a set of wires were missing from the inside of the car. Reynolds was found working on a car that the stolen parts would have fit.
“. . . Fingerprint evidence must meet the requirement that the circumstances must be such that the print could only have been made at the time of the crime. . . . ”
Knight v. State, 294 So.2d 387 (Fla. 4th DCA 1974).
The car was washed a day and a half before the crime was committed. All fingerprints on the car before the washing would have been obliterated at that time. Therefore, it is reasonable to infer that the fingerprint of Reynolds was placed on the mirror at the time of the crime.
“When circumstantial evidence is relied upon for a conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else committed the offense.
[[Image here]]
*597 Wilkerson v. State, 232 So.2d 217 (Fla. 2d DCA 1970).
Reynolds’ fingerprint, together with the other evidence presented by the State established a prima facie case against him and rebutted a reasonable hypothesis of innocence.
“. . . [T]he court should never direct a verdict [grant a motion for judgment of acquittal] for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. . . ”
Holland v. State, 129 Fla. 363, 176 So. 169 (1937).
The verdict of the jury was supported by substantial competent evidence and the mo-tion for judgment of acquittal was properly denied.
The State elicited testimony from a police officer that at the time of Reynolds’ arrest he was advised of his constitutional rights and made no statement. There was no objection by Reynolds. He now contends this was fundamental error.
In Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976), it is stated:
“Admitting the influence of some of the practical ramifications, we have concluded that the interests of justice would not be served by the adoption of an absolute rule that in every instance there is no need to object to references to an accused’s exercise of his right to remain silent in order to preserve the error. On the other hand, we do not hold that an objection is always necessary to preserve the point. Some references may be so prejudicial to the right of a defendant to a fair trial that the error must be deemed to fall within the ambit of that elusive term “fundamental”. As in many other areas of the law, the decision should be made on a case by case basis. The polestar must always be whether the defendant has been afforded a fair trial. “Applying these principles to the instant case, we believe that the admission of the tainted evidence does not rise to the magnitude of fundamental error.”
Although the phrasing of the question was improvident, the interrogation was not designed to impair Reynolds’ rights. No further remark was made concerning the officer’s testimony and the record fails to show that the State intended to prejudice Reynolds. Under these circumstances, reversal is not warranted because fundamental error was not committed.
The judgment is affirmed.
McCORD, C. J., concurs.
BOYER, J., concurs specially.