DAUKSCH, Judge.
We have for consideration an Order denying the defendant’s motion to dismiss filed under Florida Rule of Criminal Procedure 3.190(c)(4). This rule allows a type of summary judgment in the administration of criminal law by providing, inter alia; “. . . the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which he has been pardoned; or
(2) The defendant is charged with an offense of which he has previously been placed in jeopardy; or
(3) The defendant is charged with an offense for which he has previously been granted immunity; or
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.”
*171 In this case the defendant pleaded nolo contendere after the court denied his motion to dismiss and specifically reserved his right to appeal that order. The court placed the defendant on probation and he appeals as authorized in Chapter 924, Florida Statutes (1977). We note, first of all, the defendant was placed on probation for a period of two years for the crime of attempted grand larceny. Since attempted grand larceny is a misdemeanor of the first degree the sentence is excessive by one year. The maximum sentence, probation and/or confinement, cannot exceed the maximum for which the defendant could have been confined. Myers v. State, 347 So.2d 1053 (Fla. 4th DCA 1977).
The dispositive question, however, is whether the trial court erred in not granting the motion to dismiss. We must find error and reverse.
The motion of the defendant set out the facts alleged by the defendant to be the only evidence against him. He said those facts are insufficient to establish a prima facie case of guilt against him. Here are the facts alleged in the motion:
(a) That on May 29, 1976, in the early morning hours a 1975 Buick automobile owned by Larry Earl Miller was broken into and approximately one hundred and fifty dollars ($150.00) was taken. The money was taken from the glove compartment of the vehicle. Larry Earl Miller testified that he parked the vehicle at approximately 5:30 A. M. in the vicinity of his residence located at 2054 Jacobs Place, Orlando, Florida.
(b) That there are no witnesses who saw any individual break and enter Larry Earl Miller’s vehicle. Additionally, there are no witnesses who are able to place any individual in the vicinity of the above car at the time of the alleged breaking and entering.
(c) That the only evidence of any nature against DONALD MOBLEY consists • of his fingerprints having been found on the front passenger door glass window in the upper rear corner of the glass. These latent prints were lifted by Officer Stone of the Orlando Police Department. The latents were later identified by Officer F. E. Hitechew of the Orlando Police Department as belonging to DONALD MOBLEY.
(d) That Larry Earl Miller testified at his deposition he was a close friend of the Defendant for approximately seven (7) years. He additionally testified that the Defendant had ridden in his car on numerous occasions as a passenger in the front seat of the vehicle. He further testified that on May 20,1976, the Defendant had ridden with him to work. Mr. Miller then testified that he exited the vehicle at his place of work and requested that the Defendant run an errand for him in his 1975 Buick automobile. The Defendant was then given possession of this vehicle and drove the ear to a dry cleaners- and picked up some clothing for Mr. Miller. The car was later returned to the victim on the same day.
(e) Larry Earl Miller then testified that he parked his car in front of his residence at approximately 5:30 A. M. on May 29, 1976. He stated that he did not see anyone enter or exit his vehicle and did not determine that anything was taken until 7:30 A. M. that same day.
(f) That under the circumstances set forth above, in no event can the State of Florida meet the requirement established by the Florida case law that the circumstances must be such that the print could only have been made at the time of the crime as opposed to some other point in time.
The State filed a demurrer which said “That the Facts and other matters alleged as grounds in support of said Motion, and each and every count or part thereof, are not sufficient in law to constitute lawful grounds for dismissal of this cause.”
*172 The only evidence against the Defendant is that his fingerprints were found on the glass window. That evidence directly proves his fingers were on the glass at some time. It is circumstantial evidence the prints were placed there at the time the break into the car occurred and that the defendant was the burglar. It is legally insufficient evidence to prove even a prima facie case that the defendant was the burglar because in order to convict a person of a crime where the evidence is only circumstantial the evidence must be not only consistent with guilt but inconsistent with innocence. Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977).
Because the defendant was a lawful occupant of the car shortly before the burglary occurred it is quite reasonable to hypothesize the prints were placed there at a time before the burglary and not at the time of the burglary. That is a reasonable hypothesis of innocence from which defendant should have been given the benefit of the doubt. See also Knight v. State, 294 So.2d 387 (Fla. 4th DCA 1974); Williams v. State, 308 So.2d 595 (Fla. 1st DCA 1975); and Florida Standard Jury Instructions in Criminal Cases 2.14. Because the evidence failed to establish a prima facie case of guilt the court should have dismissed the information.
The order placing the defendant on probation is reversed.
REVERSED.
BERANEK, J., and GREEN, OLIVER L., Associate Judge, concur.