665 So.2d 1097 (1996)
C.E., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3405.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*1098 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
This appeal arises from the juvenile appellant's adjudication of delinquency for burglary and petit theft. The state's case against the appellant was based entirely on fingerprint evidence found on the vehicle which was entered and from which a portable phone was stolen. Because we find that the circumstantial evidence was not inconsistent with the appellant's hypothesis of innocence, we reverse.
Circumstantial evidence may support a conviction only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187, 188 (Fla. 1989). Where fingerprint evidence found at the scene is relied upon to establish identity, the evidence must be such that the print could have been made only when the crime was committed. Tirko v. State, 138 So.2d 388, 389 (Fla. 3d DCA 1962). Tirko was relied on by this court in Knight v. State, 294 So.2d 387, 389 (Fla. 4th DCA), cert. denied, 303 So.2d 29 (Fla. 1974); see also Williams v. State, 247 So.2d 425, 426 (Fla. 1971) (fingerprint evidence showed only that defendant had been at crime scene, not when he was there). If the state fails to show that the fingerprints could only have been made at the time the crime was committed, the defendant is entitled to a judgment of acquittal. Sorey v. State, 419 So.2d 810, 812 (Fla. 3d DCA 1982); State v. Hayes, 333 So.2d 51, 54 (Fla. 4th DCA 1976).
In the instant case, the vehicle that was the subject of the burglary was a police crime scene van which, at the time of the crime, was parked in the Broward County Sheriff's office parking lot. While only police personnel have permission to enter the lot, it is not gated and anyone going into the sheriff's office can drive into it. The Crime Scene Unit van goes where its name suggests  to respond to various crime scenes in Broward County. It is usually dispatched once a night. The detective in charge of the van testified that it had been washed one to two days before the incident.
When the burglary was discovered, police found that one of the front windows of the van was broken and pushed into the van. Although the window shattered, the pieces were held together by tinting, and the investigators were able to obtain latent fingerprints from the window. It is undisputed that the fingerprints were from the exterior of the window and that they were identified to be the appellant's prints. The prints consisted of both of the appellant's palms and some of the individual fingers of each hand. They were the only evidence of the appellant's guilt.
In defense, the appellant claimed that the state did not establish that the fingerprints could have been left only at the time of the burglary. Since the van was dispatched throughout Broward County on a daily basis, there were other times when the appellant could have leaned against the van with his hands and created the prints on the van. Moreover, the van was parked in an area which was accessible to the public, even though the public were not authorized to go into the parking lot. Where the print is found in a place accessible to the general public, and there is no other evidence to show that the prints were made at the time of the crime, the defendant is entitled to a judgment of acquittal. Sorey, 419 So.2d at 812; Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965).
But even if we conclude that the parking lot was not completely accessible to the public, the state still has not overcome its burden. Although the van had been washed "one or two" days earlier, the testimony also showed that the van was usually dispatched once a night. Therefore, the van had been exposed to at least one and perhaps two *1099 crime scenes prior to the burglary being committed. There was an opportunity for the appellant's fingerprints to have been placed on the vehicle when it was out and about the streets of Broward County. Thus, the state cannot prove that the appellant's fingerprints were made at the time the crime was committed. Based on Tirko, we reverse and direct the trial court to discharge the appellant from his adjudication of delinquency.
Reversed and remanded with directions.
PARIENTE and SHAHOOD, JJ., concur.