### COY STRICKLAND v. STATE.

165 So. 289.
Division B.
Opinion Filed January 14, 1936.

*William Fisher, Philip D. Beall* and *Geroge W. Barrow,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchison,* Assistant, for the State.

BUFORD, J.—The writ of error in this case brings for review judgment of murder in the second degree under an indictment charging the offense of murder in the first degree.

The plaintiff in error brings for our consideration four questions, as follows:

1. "In the separate trial of a defendant whose motive for killing the decedent the State purported to prove, is evidence admissible to show the distinct or separate motive of an accomplice not on trial?

2. "Where on the separate trial of the principal in the first degree no showing is made of any knowledge on the part of one who the State claims was the principal in the

second degree as to the time and place at which the offense is to be committed, is the evidence admissible to show the actions of the person named as principal in the second degree at and after the time when the offense was committed?

3. "Where the evidence for the State fails to show the presence of the accused at or near the place of the crime at the time it was committed; and where the evidence for the State tends to show that the crime was committed by a man considerably taller than the accused; and where a statement made by the accused to a detective and introduced and vouched for the State not only denies the commission of the crime by the accused but states definitely and distinctly a specific and clear alibi which would make it impossible for the accused to have committed the crime, is the presence in such a statement by the accused of an admission that before the crime he had been asked by a certain person to commit it, and that after the crime such person', in the erroneous assumption that accused had committed it, gave him some money from time to time, sufficient as the basis for a conviction of the accused?"

4. "Where a promise of definite benefits to the defendant by a detective induced the making by the defendant of certain written statements, and where defendant's testimony with respect to the inducements offered to him for making the statements is uncontradicted, and is corroborated by indications in the statements themselves, as well as by other evidence in the case, are the statements admissible in evidence as voluntary confessions?"

The questions presented are fairly based on the assignments of error.

The indictment charged in each count that the accused, Coy Strickland, committed the murder as a principal in the first degree, while one Jim O. McCall "unlawfully and from

a premeditated design to effect the death of the said Tom
J. Spear, was then and there unlawfully present and did
unlawfully of and from a premeditated design to effect
the death of the said Tom J. Spear, aid, abet, assist, hire,
counsel, procure and encourage the said Coy Strickland * * *
the felony aforesaid in the manner and form aforesaid to do
and commit."

The theory of the State was, and the evidence introduced
was sufficient to sustain such theory, that the accused, Coy
Strickland, was hired by Jim O. McCall to kill Spear and
that pursuant to such hiring and conspiracy the accused,
Coy Strickland, did kill Spear by shooting him, with a
shotgun furnished to Strickland by McCall, at a place and
time when McCall was personally present in the house and
in an adjoining or nearby room to that in which Spear was
shot and killed by a gun fired from the outside of the house.
Therefore, in regard to the first question presented, we ob-
serve that the broad rule is that evidence is admissible
which proves or tends to prove any fact material to the
issue. A material fact to the issue in this case was motive,
not only motive of the accused which was shown to be
that of pecuniary gain, but also in establishing the fact that
McCall was the actor in hiring the acused to commit the
act which caused the death of Spear it was material to show
that there was a motive for McCall to hire Strickland to
perform that act. The motive which actuated McCall was
material because that motive would show, or tend to show,
a reason why he would be willing to pay Strickland to
commit the murder. In 30 C. J. 181, it is said:

"On the separate trial of one of several persons who
acted in concert in the commission of an alleged murder,
it is competent for the State to show the motives which
actuated the others in the alleged homicide."

In support of this, the author cites Rufer v. State, 25 Ohio St. 464. The fifth headnote in that case is:

"Where it is shown that two or more persons acted in concert in the commission of an alleged murder, it is competent for the State by proper testimony, to show upon the separate trial of one, the motives which actuated the others in the alleged homicide."

This headnote is supported by the text of the opinion.

The second question involves the same principle as that involved in the first question. In 16 C. J. 644, it is said:

"The general rule is that where it appears that two or more persons have conspired to commit an offense, everything said, done or written by one of them during the existence of the conspiracy, and in the execution or furtherance of the common purpose, is admissible in evidence against the others. This rule of evidence is founded upon principles which apply to agencies and partnerships, for it is reasonable that where a body of men assume the attribute of individuality, whether for commercial business or for the commission of a crime, the association should be bound by the acts of one of its members in carrying out the design; and the legal principle governing in cases where several are connected in an unlawful enterprise is that every act or declaration of one of those concerned in the furtherance of the original enterprise and with reference to the common object is, in contemplation of law, the act or declaration of all."

And on page 668 of the same volume it is said:

"Where a conspiracy is shown, the acts or declarations of one conspirator may be shown in evidence against another, although he did not at any time have knowledge thereof, provided, of course, the necessary connection with the conspiracy is made to appear."

·Numerous authorities are cited in support of these state-
ments.

. When two or·more people enter into a conspiracy to com-
mit. an unlawful act, each must take the risk of being
bound by the action of the others taken or done in the fur-
therance of the perpetration of that particular unlawful act,
so long as the conspiracy lasts. In other words, when two
or more persons have conspired to commit a murder, each be-
comes responsible for whatever one of the others may do
during the continuance of the conspiracy in pursuance of
the design or in connection with carrying out the purpose
of the conspiracy, although the methods and means to ef-
fect the purpose have not been definitely agreed upon be-
tween the conspirators.

The third .question we think assumes a state of facts to
have been conclusively proven when such was not the case.
The evidence showed that it was entirely possible for the
accused to be at the place of the crime at the time it was
committed and does show his presence near the place of
the crime at about the time the crime was committed.

Whether or not the evidence for the State tends to show
that the crime was committed by a man considerably taller
than the accused was a matter for the jury to determine.
We find in the record no substantial evidence tending to
show that fact. We find nothing in the written statement
made by the accused which would preclude its introduction
in evidence at his trial for the offense charged. As to
whether or not the evidence that McCall had offered Strick-
land $1,000.00 to commit the crime, and after the crime
was committed, paid him certain sums of money, is suf-
ficient to constitute the basis of the conviction of the ac-
cused, is not necessary to be answered here because that
was not the only evidence against the accused. Those facts

were admissible when taken with the further fact that the accused had accepted money from McCall and had told several people different false stories as to where he obtained the money, which were material facts tending to show the guilt of the accused.

In dealing with the fourth question, we must hold that the court committed no error in admitting in evidence the written statements made by the accused. When these statements were offered in evidence persons who were present when they were made by accused testified that the statements were freely and voluntarily made, in effect that the accused made them of his free will and accord and that he was warned that he did not have to make any statement at all and that any statement which he did make would probably be used against him at his trial. This testimony was taken by the trial court in the absence of the jury, was uncontradicted, and the court adjudged the statements to be admissible in evidence. They were then offered in evidence and, over the objection of the accused, were admitted. Later, when the defendant took the stand in his own behalf, he denied that the statements had been freely and voluntarily made, but there was no motion to strike them from the consideration of the jury, nor was there any motion for the court to reconsider the admissibility of those statements. So the action of the court in admitting those statements in evidence under the facts as they appeared when the statements were admitted was without error and as there was no motion made at a later period in the trial when there was some evidence that the statements had not been freely and voluntarily made, either to strike the statements from consideration of the jury or for the court to reconsider the admissibility of such statements in the light

of the further evidence, there was no error committed by the trial court in this regard.

Findng no reversible error disclosed by the record, the judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.