LILES, Acting Chief Judge.
Appellant, defendant in the trial court, was indicted and charged with murder in the first degree along with two other co-defendants. A joint trial was had and appellant and codefendant Ernest Williams were found guilty by the jury of murder in the second degree. The third codefend-ant, William Henry Johnson, Jr., was found innocent by the jury. Defendant Roby appeals.
The indictment charged that the defendants effected the death of one Frank Cutler by shooting him with a pistol. The facts of the case are in dispute but from the record it appears that on February 4, 1968, the three defendants were in the Pyramid Lounge in Tampa, Florida. An argument ensued between one Robbie Robinson and one James L. Hogan when the'former accused the latter of calling her a derogatory name. Appellant interceded and attempted to keep William Henry Johnson, Jr., and Frank Cutler, the deceased, from becoming involved in the fracas. The disturbance then moved to another part of the room with Johnson and Hogan the principal antagonists. Appellant and Cutler then *605 became involved in an exchange of words and there was physical contact between them, although the testimony is in conflict as to who struck whom. There was testimony to the effect that each of the defendants discharged handguns in the direction of Frank Cutler, who was thereby fatally wounded in the abdomen by two slugs. The testimony reveals further that there were somewhere between two and seven shots fired, but no one present at the time was able to testify to a positive link between the shot or shots fired by any one of the defendants and the connection of the slugs with the deceased. The gist of the testimony of the witnesses present was that three persons fired a number of shots and that Cutler fell wounded.
Following the shooting there was a general exodus from the building and the three defendants left with witness Robbie Robinson. At the trial Robinson testified as follows:
“Well, Roby wanted to keep saying that he had shot the boy, and they wanted to keep telling him not to say that until he found out what was going on, and they say with all that shooting in there any one of them could have done it.”
Later, on cross-examination, appellant stated in response to questioning as to Robinson’s testimony:
“I told Robbie Robinson I thought I had shot at him. I shot a boy in the bar.”
He then emphasized he shot at the deceased rather than shot him in fact. There was uncontradicted testimony that appellant fired a .25 caliber weapon and defendant Williams fired a .22 caliber weapon.
The autopsy report indicated that two slugs were found in the body of the victim, and a pathologist, Dr. John Richard Feegel, testified that the cause of the death was two gunshot wounds in the abdomen. However, only one .22 caliber slug was placed in evidence at the trial. Another slug of disputed caliber was allegedly taken from the body of the victim. Testimony as to this disputed slug was objected to and sustained.
Upon this evidence the jury found Arthur Lee Roby guilty of second degree murder and this appeal ensued. Among other points appellant contends that there was insufficient evidence to support a valid finding that Roby caused the death of the deceased. We believe this point is well taken and the remaining points need not be discussed.
The only evidence adduced at the trial by the prosecution to prove that the shot admittedly fired by the appellant at the victim actually caused his death is the testimony of the pathologist that two gunshot wounds caused Cutler’s death. Assuming that this testimony amounted to circumstantial evidence that could have been considered by the jury, it is nevertheless insufficient to support the verdict, which was necessarily based on appellant being the perpetrator of the killing, the jury not being instructed on aiding and abetting under Fla.Stat. § 776.011, 1967, F.S.A., as will be discussed below. Harrison v. State, Fla.App.1958, 104 So.2d 391, which was followed by this court in LaMonte v. State, Fla.App.1962, 145 So.2d 889, sets forth the rule compelling this result:
“When circumstantial evidence is relied upon for a conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which *606 leaves nothing more than a suspicion that the accused committed the crime is not sufficient to sustain a conviction.” (Emphasis theirs.) 104 So.2d 394-395.
See also Driggers v. State, Fla.1964, 164 So.2d 200, 203; Davis v. State, Fla.1956, 90 So.2d 629, 631-632; Rodriquez v. State, Fla.App.1966, 189 So.2d 656, 659.
The evidence disclosed that a total of between two and seven shots were fired by the three defendants, that only one .22 caliber slug, which was fired from codefendant Williams’ weapon, was introduced for the jury to consider, and that two gunshot wounds were the cause of Cutler’s death. A reasonable hypothesis based on this evidence is that appellant’s shots did not find their mark; and a finding by the jury based on such evidence that appellant’s actions caused Cutler’s death is too speculative to be sustained by this court.
Appellee argues that this flaw in the State’s evidence is cured by Fla.Stat. § 776.011, 1967, F.S.A., which makes a person a principal in the first degree whether he actually commits the crime or merely aids, abets, or procures its commission. Jacobs v. State, Fla.App.1966, 184 So.2d 711. Since there was adequate proof of aiding and abetting, according to the State, appellant could have been convicted as a principal in the first degree as charged in the indictment. This argument must fail, however, because the jury was not instructed as to Fla.Stat. § 776.011, 1967, F.S.A. The State cannot properly ask this court to hold in effect that the evidence adduced at trial was sufficient to prove aiding and abetting by appellant, for to so hold would clearly usurp the function of the jury. The State cannot correct on appeal what was neglected at trial — submission of a proper instruction based on Fla.Stat. § 776.011, F.S.A. The refusal to grant its instruction based on Bass v. State, Fla.App.1965, 172 So.2d 614, was plainly within the discretion of the trial judge, since it is not clear whether this case deals with conspiracy or aiding and abetting.
For the foregoing reasons the judgment and sentence appealed from is hereby reversed and the case remanded for a new trial consistent with this opinion.
McNULTY, J., concurs.
MANN, J., dissents with opinion.