232 So.2d 217 (1970)
Johnny A. WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 69-134.
District Court of Appeal of Florida, Second District.
February 27, 1970.
R. Grable Stoutamire, of Ware & Stoutamire, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Edward F. Boardman, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
Appellant Johnny A. Wilkerson appeals to this Court from a judgment of conviction entered by the Pinellas County Circuit Court pursuant to an adverse verdict upon trial of Wilkerson for the crime of breaking and entering a building other than a dwelling house with intent to commit a felony.
The sole contention urged here is that the evidence at the trial, which was circumstantial in nature, was legally insufficient to support the verdict and judgment. We agree with this contention and reverse.
During the early morning of February 2, 1968, the business building of Moorefield's Clothing Shop on 9th Street North, St. Petersburg, was broken into and a large quantity of men's clothing in said store was taken and carried away. The owner of the store, one Howard Moorefield, had locked up his store about 8:30 P.M. the preceding night, but a St. Petersburg police officer, at about 1:45 A.M. the following morning, found "the front glass door * * had been busted out" and broken glass shattered out of the door both on the inside and on the front sidewalk.
There was testimony by a Tampa police officer that around midnight of February 2, 1968, he observed a white Chevrolet automobile parked on 21st Street in Tampa where another police officer was talking with a white man and four colored men, *218 and that about two hours later in the same neighborhood he followed the Chevrolet, which was then being driven by a white man with four colored men in the car; that he lost sight of the Chevrolet briefly but soon thereafter found it empty on the side of the road; that he observed a number of shirts and other articles of clothing in plastic bags in the back seat of the car; and that he then ordered the car impounded, removed the articles to his police car, and took them to the Tampa Police Station where he turned them over to an officer from the St. Petersburg Police Department. This witness stated he recognized one of the colored men as co-defendant Bogan and that he recognized another of the colored men as being in the Courtroom that day but did not specify him as being Wilkerson.
There was testimony by another Tampa police officer that at approximately 2 A.M. that same night he observed a colored man on 13th Avenue in Tampa, whom he apprehended and took to the first officer's police cruiser about a half mile away. This Negro was identified as co-defendant Bogan.
Another Tampa police officer testified that at about 5 A.M. the same night he went to co-defendant Wynn's home and arrested him upon "information that there was possibly an individual wanted for a felony" at that address; that he then went to a home on West Buffalo in Tampa and arrested defendant Wilkerson, giving no reason why he was so arrested. There had been no warrants issued for the arrest of either Wynn or Wilkerson.
Another Tampa police officer testified that later on that same night he took a statement from co-defendant Wynn as to his activities earlier that night, which statement was made in the absence of defendant Wilkerson. Only three police officers were present other than Wynn, who was a 16 year old Negro.
Another Tampa police officer testified that about 4:15 A.M. that same night he talked with co-defendant Bogan, in the absence of defendant Wilkerson, as to Bogan's previous activities that night. Bogan was also a 16 year old Negro and his statement was procured only in the presence of three police officers on the 2nd floor of the police station.
The final piece of "evidence" against Wilkerson concerns some fingerprints found on small pieces of broken glass found near the front of Moorefield's Department Store. A St. Petersburg police officer, employed as an "identification technician" of five years experience in "crime-scene processing, fingerprints, photographs, evidence, anything pertaining to a crime", testified that at about 3:30 A.M. in the morning he picked up some broken pieces of glass near the front door of the Moorefield Store which were later purportedly identified by other members of the local police department as containing Wilkerson's fingerprints.
A fair consideration of the foregoing evidence reveals it to be clearly insufficient to support the guilty verdict as to Wilkerson. There was no evidence linking Wilkerson directly with any of his co-defendants on that particular night. There was evidence of certain incriminating statements made at the police station by co-defendants Bogen and Wynn in the absence of Wilkerson, but it is elementary that such statements were not admissible against Wilkerson and could be no part of the evidence against him, and the trial Judge correctly so ruled at the time such evidence was given. Wilkerson was never placed by any witness in the white Chevrolet automobile which presumably was driven to St. Petersburg from Tampa for the purpose of breaking and entering the Moorefield store. No evidence was elicited to connect Wilkerson with possession of any of the goods allegedly taken from the store. So the evidence, in its last analysis, boils down to the weight to be given the fingerprint evidence.
Assuming for the sake of argument that the expert fingerprint evidence of *219 the local police officer was sufficiently reliable for acceptance it did not measure up, on its face, to the requisite degree of proof laid down by the Florida cases. There was no attempt by the State to fix the time, or even a time period, when the prints, assuming them to be Wilkerson's, were placed on the pieces of glass, and the front door of a city store is certainly a place readily accessible to the general public.
In Ivey v. State, Fla.App. 1965, 176 So.2d 611, the 3rd District Court had under review a conviction for burglary and grand larceny where the "evidence offered by the State to prove the identity of the appellant as the culprit was the appellant's fingerprint on a glass jalousie which was taken from the front door of the store building". In reversing the conviction, it was held 
"* * * that fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed. This requirement was not met in this case because the print was in a public place and the record does not preclude that it might have been placed there some time before the crime."
We concur in the rationale of the 3rd District Court in the Ivey case, supra, following Tirko v. State, Fla.App. 1962, 138 So.2d 388, and apply the same here.
Considering the evidence in the case sub judice as a whole we are mindful of the rule of law laid down in Harrison v. State, Fla.App. 1958, 104 So.2d 391, and adhered to in LaMonte v. State, Fla.App. 1962, 145 So.2d 889, and Roby v. State, Fla.App. 1969, 229 So.2d 604 (the latter two cases by this 2nd District Court), as follows:
"When circumstantial evidence is relied upon for a conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent as to which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. It is the actual exclusion of each other reasonable hypothesis which clothes mere circumstances with the force of proof. Circumstantial evidence which leaves nothing more than a suspicion that the accused committed the crime is not sufficient to sustain a conviction." (Italics in text).
The judgment of conviction appealed from is therefore 
Reversed.
HOBSON, C.J., and McNULTY, J., concur.