PIERCE, Chief Judge.
This case is a direct appeal by appellant Stephen J. Dargans (sometimes known as Steven Wilson), from a judgment of conviction entered by the Pinellas County Circuit Court.
Information was filed against Dargans on June 24, 1971, charging him in one count with breaking and entering a building other than a dwelling house with intent to commit a misdemeanor. Upon issues joined by a plea of not guilty, trial by jury was held on September 22, 1971, resulting in a finding of guilt of entering without breaking a building other than a dwelling house with intent to commit a misdemean- or. He was accordingly adjudged guilty and sentenced to a term of imprisonment. A timely-filed Notice of Appeal brings the case to this Court.
Evidence at the trial discloses that on June 2, 1971, at about 1 o’clock A.M. glass was heard breaking at a place known as the Beer Mart in Clearwater and three Negroes were then observed running out of the place carrying cases of beer toward a gray Mercury automobile which immediately was driven off. Shortly thereafter such a car was observed about a half or three-quarter miles away. Dargans who was then sitting in the car was arrested and charged with the burglary. Further investigation disclosed a broken window at the Beer Mart store and four beer cartons outside. A fingerprint was found on the bottom of one of the beer cartons which, when compared with a “known print” of Dargans was identified as being his.
This is substantially the State’s case and Dargans did not choose to testify.
Dargans’ defense at the trial, and his sole contention here, is that “the prosecution had offered no evidence to show that the appellant’s fingerprints could have been made only at the time the crime was committed”, relying upon this 2nd District Court’s opinion in Wilkerson v. State, Fla. App.1970, 232 So.2d 217. In our view, the facts in the instant case are distinguishable from Wilkerson and we therefore affirm.
In Wilkerson a clothing store located on a downtown business street in St. Petersburg was broken into during the nighttime and a large quantity of men’s clothing taken therefrom. The front door opening into the main street apparently had been the means of ingress and Wilkerson’s fingerprints were found on some glass fragments near the front door. No other material evidence was produced against Wilkerson and this Court, upon authority of the 3rd District Court cases of Ivey v. State, Fla. App.1965, 176 So.2d 611, and Tirko v. State, Fla.App.1962, 138 So.2d 388, held—
“ * * * that fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed. This requirement was not met in this case because the print was in a public place and the record does not preclude that it might have been placed there some time before the crime.”
In the case sub judice, as stated by the able trial Judge, “the fingerprint in question was found on the bottom of a beer carton normally inaccessible to customers. In addition, it wasn’t found on the building where the public might be expected to be at, but indeed was found on the very item taken from the premises.” And as stated by this Court in Wilkerson, “there was no attempt by the State to fix the time, or even a time period, when the prints, assuming them to be Wilkerson’s, were placed on the pieces of glass, and the front door of a city store is certainly a place readily accessible to the general public.”
But the circumstantial evidence against Dargans in the instant case is much stronger than existed in Wilkerson. Here the operator of the store was personally present therein at all times after the beer carton was delivered in the store and before the place was broken into. Also, a person fitting the description of Dargans *784 was seen fleeing from the scene immediately after the robbery and a short time later was found in a gray Mercury automobile which the evidence indicated was the get-away car. So Wilkerson is not applicable on the facts, and the evidence as a whole meets the requirements of law laid down in the foregoing cases.
While the judgment must be here affirmed, there is one other item which we may comment upon in passing. When the beer carton in question was first offered in evidence after identification, defense counsel objected to its introduction, reserving the right to later amplify such objections. Thereafter, shortly before the State rested, defense counsel moved “to strike all fingerprint testimony” upon authority of Wilkerson aforesaid. After legal argument upon such admission, the Court properly held that Wilkerson was not applicable but in the course of his remarks explaining the ruling and comparing the facts in Wilkerson to the instant facts, the Judge said: “looking at the evidence most favorable to the State at this point, which you do for the purpose of your motion on it, there is evidence”, etc. The point here is that the trial Court evidently assumed that the defendant carried the burden of proving the facts upon which any objection to admissibility is founded. In this the Court was technically in error, but it was harmless.
The Court was evidently proceeding upon the well-known procedural rule that “the burden rests on the proponent of a motion to support it by evidence” (22A C.J.S. Criminal Law § 578, p. 327), and was assuming that the defendant’s motion to strike the fingerprint evidence was the only thing before the Court. While this may be hypertechnically true, yet the argument before the Court at the time was substantially upon the original objection to admissibility, which defense counsel had specifically reserved the right to pursue later before the Court. The burden is still upon the State in criminal cases to prove every fact relied upon for conviction, including admissibility of evidence.
But as before stated, the quoted observation of the Court falls far short of being of reversible quality.
The judgment appealed from is thereupon
Affirmed.
LILES and MANN, JTJT., concur.