335 So.2d 849 (1976)
Robert John CORLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 76-44.
District Court of Appeal of Florida, Second District.
July 16, 1976.
Rehearing Denied August 27, 1976.
Kenneth Garber, Fort Myers, for appellant.
*850 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
On this appeal from a conviction for second degree murder, we reverse for a new trial because of the trial court's erroneous exclusion of proferred testimony that the only identifiable fingerprints on a vodka bottle found on a couch near the victim's body were those of an unidentified third person and had been made neither by the decedent nor the defendant. The evidence was plainly admissible in support of the defense that the crime was committed by someone other than the defendant and the failure to admit it cannot, in light of the entire record, be considered harmless. Commonwealth v. Loomis, 270 Pa. 254, 113 A. 428 (1921); State v. Cooper, 2 N.J. 540, 67 A.2d 298 (1949); see Willoughby v. State, 154 Miss. 653, 122 So. 757 (1929); cf. Dargans v. State, Fla. App.2nd, 1972, 259 So.2d 782; cases collected, Annot., Evidence  Finger, Palm, or Footprint, 28 A.L.R.2d 1115, 1133-1135. The cases cited by the state, e.g., Wilkerson v. State, Fla.App.2nd, 1970, 232 So.2d 217, all of which deal with the quite different issues of the admissibility and sufficiency of fingerprint evidence introduced by the prosecution to establish guilt, are not in point.
The other issues raised by the defendant merit little discussion. The trial judge did not abuse his discretion in determining the victim's eight-year-old daughter was competent to testify. Bell v. State, Fla. 1957, 93 So.2d 575; Davis v. State, Fla.App.3rd, 1972, 264 So.2d 31, 32; Harrold v. Schluep, Fla.App.4th, 1972, 264 So.2d 431, 434-435. And, on this record, there was no error in the exclusion of police reports which indicated that the victim had made complaints concerning alleged break-ins and attacks upon her where she formerly lived, well prior to the incident in question. A different result would of course follow if, at the retrial, the defendant is able to demonstrate a connection between the fingerprints on the vodka bottle and a person identified in one or more of the reports.
REVERSED and REMANDED.
McNULTY, C.J., and BOARDMAN, J., concur.