SMITH, Judge.
Thomas appeals from a judgment of conviction for attempted armed robbery, entered on a jury verdict. He urges the inadmissibility of a police officer’s testimony that a participant in the offense confidentially advised the officer in advance that a robbery would take place; the insufficiency of the evidence other than the hearsay to prove a specific intent to commit robbery; the admissibility of Thomas’ testimony concerning conversations with the informant supporting his entrapment defense; and the impropriety of the prosecutor’s jury argument concerning Thomas’ prior conviction of the crime.
*744 On January 28, 1976, Thomas and two armed, masked confederates gained entry to a Pensacola residence. Thomas, who was not masked, rang the doorbell. When the occupant opened the door, the two masked men rushed in brandishing shotguns. They were intercepted by waiting sheriff’s deputies. One of the masked intruders was shot dead. It was he who, two days before, met with sheriff’s deputies and advised them in detail that the three intended to commit a robbery in the manner in which the episode unfolded on the night of the 28th.
The State argues that the statements made by the deceased informant to deputies on the 26th, and before that in a telephone conversation, were admissible as part of the res gestae to show the intent or state of mind of the declarant. Thus the State argues the declarations evidence the informant’s intent to take part in a robbery and may be considered as showing also the intent of his co-conspirators. We conclude, on the contrary, that the informant’s statements were inadmissible hearsay. There is no difficulty in finding from the admissible evidence that the three intruders were engaged in a conspiracy to effect some offense at the residence on the night of the 28th and that the conspiracy preceded the acts .done to effectuate it.- But the informant’s narration to the deputies was not a res gestae statement, made spontaneously in circumstances excluding the idea of design or deliberation in the statement. State v. Williams, 198 So.2d 21 (Fla.1967); State v. Snowden, 345 So.2d 856 (Fla. 1st DCA 1977). Nor was the informant’s recitation made by a co-conspirator to further the conspiracy and effectuate its objects. On the contrary, the informant’s purpose was to expose the conspiracy, and that purpose may not be attributed to others on principles of agency. See, generally, Strickland v. State, 122 Fla. 384, 165 So. 289 (1936); contrast Mercer v. State, 40 Fla. 216, 24 So. 154 (1898). Although the informant’s recitation amply and, as it turned out, accurately depicted the criminal plan, the deputy’s testimony of the recitation was hearsay which could not competently evidence the purpose of the accused survivors of the invasion. That Thomas and his confederates intended to force entry by means of weapons, and to commit some violent offense on the premises, cannot be doubted; but the dead informant’s prior accusation is not competent proof that the survivors intended robbery rather than murder, rape, or some other vicious assault. Although there was no other evidence of the specific intent required for the offense charged, the ends of justice require a new trial rather than discharge.
On the prosecutor’s objection, the trial court excluded Thomas’ testimony in support of his entrapment defense of a conversation Thomas had with the informant. On the necessary retrial, evidence of conversations between Thomas and the informant tending to support the entrapment defense should be admitted. Brown v. State, 299 So.2d 37 (Fla. 4th DCA 1974).
We find also that the prosecutor improperly argued to the jury concerning Thomas’ prior conviction of a crime:
“Did someone entrap him into the commission of the other crime? Will you tell me, some jury was inclined to disbelieve it.”
There was no evidence, nor could there have been, that Thomas was previously convicted notwithstanding an entrapment defense. Plainly, the argument invited improper speculation on a nonexistent issue.
REVERSED and REMANDED for a new trial.
MILLS, Acting C. J., and ERVIN, J., concur.