PER CURIAM.
Although via a separate appeal by a different appellant, the circumstances of this case have already been considered by a different panel of this court in Thomas v. State, 349 So.2d 743 (Fla. 1st DCA 1977). Our consideration of the record in this case convinces us that said decision is dispositive sub judice and requires the same holding for the same reasons. In Thomas v. State, supra, the appeal was from a judgment of conviction for only one charge, attempted armed robbery. However, during oral argument in the case sub judice the state with admirable candor conceded that if this court was correct in its holding in the Thomas case that upon retrial evidence of conversations between Thomas and the deceased informant tending to support the defense of entrapment should be admitted, then such reasoning and holding is equally applicable sub judice not only to the charge of attempted robbery but also the two other charges lodged against Williams, viz: Possession of a short-barrelled shotgun and possession of a gun by a convicted felon. We agree. Lest there be any misunderstanding of our holding, we do not here *10 hold that entrapment in this case is a viable defense, but only that evidence in support of that defense should be admitted as to each of the charges lodged against Williams.
We reject appellant’s contention that the learned trial judge erred in denying Williams’ motion for judgment of acquittal made at the conclusion of the evidence presented by the state and renewed at the conclusion of all of the evidence. We also reject the contention that the court erred in failing to grant Williams’ motion for change of venue.
The other points raised by appellant we find to have become moot or are without merit.
As did our brothers, in Thomas v. State, we find that the ends of justice require a new trial rather than discharge.
Reversed and remanded for a new trial.
McCORD, C. J., and BOYER and MILLS, JJ., concur.