354 So.2d 145 (1978)
John Wesley WATTS, Earby Lee Johnson and Henry Ford, Appellants,
v.
STATE of Florida, Appellee.
Nos. 77-1192, 77-1193 and 77-1194.
District Court of Appeal of Florida, Second District.
January 27, 1978.
Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellants contend that the trial court erred in refusing to allow them to present certain fingerprint evidence to the jury. We agree and reverse.
The State charged appellants with robbery and kidnapping. At trial, David Glenn testified that one evening when he stopped at a convenience store for gasoline, three men, whom he identified as appellants, forced him to take them with him in his truck. They made him drive to a deserted phosphate mine where they pushed him out of the truck, took his wallet, and drove off.
The State produced one other witness who saw appellants with Glenn at the convenience store. Appellants produced three witnesses who said that appellants were with them at the time the kidnapping and robbery occurred.
Prior to trial, the court granted the State's motion to suppress the use of fingerprint evidence by appellants who wished to introduce it as circumstantial evidence to support the defense of alibi. The fingerprints which the police lifted from the truck did not match those of Glenn or any of the appellants. In granting the motion to suppress, the trial court erroneously concluded that such evidence was irrelevant.
As this court held in Corley v. State, 335 So.2d 849 (Fla.2d DCA 1976), such evidence *146 was clearly admissible for the jury to consider in deciding whether someone other than appellants committed the robbery and kidnapping. Moreover, on this record, we cannot say the error was harmless to appellants.
We reverse and remand the case for a new trial.
GRIMES, Acting C.J., and RYDER and DANAHY, JJ., concur.