SCHOONOVER, Judge.
The appellant, Michael Pahl, has appealed from a judgment and sentence entered upon a jury verdict finding him guilty of two counts of manslaughter and one count of arson. We reverse.
The charges arose out of a fire which occurred at the appellant’s home and resulted in the deaths of Diogene Disarro and Sharon Lynn Delsack. The state relied substantially on circumstantial evidence to connect the appellant with the crime.
During the trial, prior to the appellant beginning to present testimony, the state moved in limine to prohibit evidence that Sharon Lynn Delsack, one of the victims, had intentionally set three fires shortly before the fire in question. The state’s motion was granted, and the appellant then proffered the testimony of three witnesses who had been with her shortly before her death and had observed her intentionally start three fires. The testimony was offered to show that she could have started the fire in question either accidentally or deliberately. The appellant contends this evidence was admissible especially in view of the fact that when Miss Delsack’s body was discovered, a wick, or the residue of a wick, from a hurricane lamp was found in her forearm.
We agree with the appellant’s contention that the trial court erred in refusing to allow him to introduce this evidence.
One accused of a crime may show his innocence by proof of the guilt of another. Lindsay v. State, 69 Fla. 641, 68 So. 932 (1915). The proffered evidence was clearly admissible in support of the defense that the fire was started by someone other than the appellant, and the failure to admit such *43 testimony cannot, in the light of the entire record of this case, be considered harmless. Corley v. State, 335 So.2d 849 (Fla.2d DCA 1976).
If the jury had been allowed to consider that one of the victims had started three other fires within a short period of time before the incident in question, together with the evidence that a wick from a hurricane lamp was found on her body, it could have reasonably concluded that the victim, rather than the accused, had either accidentally or intentionally started the fire.
Where the state relies substantially on circumstantial evidence to connect an accused with a crime, and there is independent evidence connecting another person with that crime, the defendant may also by circumstantial evidence attempt to prove that someone else committed the act in question.
If the victim, Miss Delsack, had been on trial for the offense rather than the accused, the evidence would have been admissible to show that she intentionally, rather than accidentally, set the fire and would not have been excluded by the Williams Rule. Dodson v. State, 334 So.2d 305 (Fla. 1st DCA 1976).
In view of our holding on the admissibility of the proffered evidence, it is unnecessary for us to consider the many other points on appeal.
We accordingly reverse and remand for a new trial.
SCHEB, C. J., and DANAHY, J., concur.