418 So.2d 1223 (1982)
Antonio MORENO, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-11.
District Court of Appeal of Florida, Third District.
September 7, 1982.
*1224 Magazine & Blumenfeld and Joseph H. Kelinson, for appellant.
Jim Smith, Atty. Gen., and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J. and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
Defendant Antonio Moreno and Donald Carroll became involved in an altercation after a traffic accident, and Moreno was subsequently charged with aggravated battery. A jury returned a guilty verdict to the lesser-included offense of culpable negligence.
Moreno contends in this appeal that: (1) it was error to deny his motion to admit relevant similar fact evidence which tended to exculpate him, (2) the court unduly restricted his attempt to cross-examine key state witnesses regarding bias and motivation in violation of his Sixth Amendment right of confrontation (3) it was error to conduct a hearing in the presence of a jury to determine voluntariness of a statement given to police officers and error to conclude that the statement was given voluntarily. We reverse the conviction.
The pertinent facts are as follows. On March 4, 1980, Donald Carroll and two other men, Robert Russell and John Grieve, drove their tow truck alongside Moreno's car, made obscene gestures, shouted racial slurs, and rammed the truck into the rear of Moreno's vehicle. Carroll and the other occupants of the truck admittedly had been drinking beer prior to the collision. Moreno pulled over and the three men exited their truck and started toward him yelling threats. Russell was carrying a tire iron, Grieve a hooking chain, and Carroll a sharp object. Moreno and Carroll scuffled and Carroll was severely cut. Russell and Grieve pursued Moreno until an off-duty policeman arrived and ordered them to stop. Carroll was taken to a hospital and the others were questioned by officers at the scene. Officer Heacock, the first to speak with Moreno, read him his Miranda rights and took a statement from him. Approximately three hours later, still at the scene of the incident, Moreno gave another statement to Detective Bruckner. Six months after this incident Russell and Grieve were arrested and charged with aggravated battery stemming from a similar altercation in which they attempted to ram another vehicle with their truck and accosted the driver with a tire iron.
Prior to trial, Russell and Grieve, reluctant witnesses in the prosecution of Moreno, stated they would invoke the Fifth Amendment if called to testify. The state then granted both witnesses immunity in the case pending against them in exchange for their testimony against Moreno. The state and the defense each filed a motion in limine. The defense sought to introduce fact evidence concerning the pending charges against Russell and Grieve arising from the similar case and the state sought to limit such evidence. The court granted the state's motion, ruling that defense counsel would be limited to one question concerning the immunity agreement between the two witnesses and the state.

*1225 I
The state's motion in limine, granted by the trial court, prevented the defendant from presenting similar fact evidence to show that the state's witnesses and not the defendant were the aggressors. The ruling was based on a misapplication of Section 90.404(2), Florida Statutes (1979) which codifies the holding in Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).[1]
Neither Williams v. State, supra, nor Section 90.404(2) which codifies Williams states any new rule of law. Even before Williams, the general rule of evidence was that any fact relevant to the issue is admissible into evidence unless precluded by a specific rule of exclusion. See, e.g., Wallace v. State, 41 Fla. 547, 26 So. 713, 718 (1899); Roberson v. State, 40 Fla. 509, 24 So. 474, 476 (1898); Makin v. Attorney General of New South Wales (1894) A.C. 57. Essentially, Williams holds that evidence of another crime is irrelevant unless it has direct probative value to the crime charged. See Lovely v. United States, 169 F.2d 386 (4th Cir.1948), which the court in Williams, supra at 665, cites as authority for its rule that the question to be decided is not whether the evidence tends to point to another crime but rather whether it is relevant to the crime charged. Further, it is clear from a reading of the entire statute that it applies only to the use of similar crime evidence by the state against the defendant in a criminal trial. It is Section 90.402, Florida Statutes (1979) which applies to this case: it provides that "All relevant evidence is admissible except as provided by law."[2]
There is authority supportive of appellant's argument that his proffered evidence should be admitted. Where a defendant offers evidence which is of substantial probative value and such evidence tends not to confuse or prejudice, all doubt should be resolved in favor of admissibility. Holt v. United States, 342 F.2d 163 (5th Cir.1965); Commonwealth v. Keizer, 385 N.E.2d 1001 (Mass. 1979). Where evidence tends, in any way, even indirectly, to prove a defendant's innocence, it is error to deny its admission. Chandler v. State, 366 So.2d 64 (Fla. 3d DCA 1979); Watts v. State, 354 So.2d 145 (Fla. 2d DCA 1978). In Commonwealth v. Keizer, supra, the court permitted defendant to show that crimes of a similar nature had been committed by some other person so closely connected in point of time and method of operation as to cast doubt upon the identification of the defendant as the person who committed the crime. The evidence appellant sought to have admitted herein is of a crime alleged to have been subsequently committed by the State's key witnesses which is so similar, in its method and circumstances, to the events surrounding the defendant's alleged offense that it could, if heard by the jury, raise a reasonable doubt as to the defendant's guilt. Because the similar crime evidence is relevant, non-prejudicial, and not inadmissible by any rule of law, it should have been admitted. One accused of a crime may show his innocence *1226 by proof of the guilt of another. Lindsay v. State, 68 So. 932 (1915); see Barnes v. State, 415 So.2d 1280 (Fla. 2d DCA 1982); Pahl v. State, 415 So.2d 42 (Fla. 2d DCA 1982).

II
The trial court's refusal to allow Moreno to question Russell and Grieve about criminal charges brought against them, for which they had been granted immunity in exchange for their testimony, is reversible error. The law is firmly established that where a prosecution witness is under criminal charges or investigation leading to such charges or has been granted immunity in exchange for his testimony, the person against whom the witness testifies in a criminal case has an absolute right to cross-examine the witness in order to discredit his testimony by showing bias, prejudice or interest, particularly where the witness is crucial to the case. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Fulton v. State, 335 So.2d 280 (Fla. 1976); D.C. v. State, 400 So.2d 825 (Fla. 3d DCA 1981); Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978), cert. denied, 374 So.2d 101 (Fla. 1979); Blanco v. State, 353 So.2d 602 (Fla. 3d DCA 1977); Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974). The Sixth Amendment right of confrontation of witnesses requires that a defendant in a state criminal case be allowed to impeach the credibility of a prosecution witness by cross-examination showing possible bias due to the witness's status as an offender subject to punitive measures by the state; denial of effective cross-examination in such circumstances would be constitutional error and not curable by a showing of an absence of prejudice. Davis v. Alaska, supra, citing to Brookhart v. Janis, 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966); Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956 (1968).

III
During the trial the court, over defense objections, conducted a hearing in the presence of a jury to determine whether defendant's statements to Detective Bruckner were voluntary. After hearing testimony regarding the circumstances surrounding the taking of the statements, the trial court correctly ruled that the statements were voluntarily made. Moreno had been properly advised of his Constitutional right to remain silent before he was questioned by Officer Heacock. While still at the scene there was no requirement for a second Miranda warning before he talked with Detective Bruckner. Though it was a procedural error for the judge to have conducted the examination in the presence of the jury, it was not harmful error since the court found the statements free of any illegal taint. Brown v. State, 181 So.2d 578 (Fla. 1st DCA 1965); see also Suggs v. State, 303 So.2d 687 (Fla. 2d DCA 1974) (where a hearing on the voluntariness of defendant's confession was made in the presence of the jury after which it was ruled that the statements were inadmissible, a new trial was required).
The judgment below is reversed and the cause is remanded for a new trial.
NOTES
[1] Law Revision Council Note  1976, § 90.404, Florida Statutes Annotated (1979): "Section 90.404(2)(a) was amended by the Committee Substitute adopted by the Senate Committee on the Judiciary-Criminal to closely paraphrase the language used in Williams v. State, supra. There the court, in finding admissible evidence relating to the commission by the defendant of another crime stated:

Evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion. This rule we hold applies to relevant similar fact evidence ... even though it points to the commission of another crime."
[2] Examples of relevant but inadmissible evidence are: Privileged relationships, § 90.502-506, Fla. Stat.; hearsay, § 90.801, Fla. Stat.; where probative value is substantially outweighed by danger of unfair prejudice, § 90.403, Fla. Stat.; product of unlawful search and seizure, Field v. United States, 263 F.2d 758 (5th Cir.1959), cert. denied, 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959) and State v. Mach, 187 So.2d 918 (Fla. 2d DCA 1966); product of illegally obtained confession, Collins v. Wainwright, 311 So.2d 787 (Fla. 4th DCA 1975); results of polygraph examination in absence of stipulation, State v. Cunningham, 324 So.2d 173 (Fla. 3d DCA 1975).