PER CURIAM.
The State appeals from a pre-trial order excluding evidence, the effect of which order is to substantially impair the ability of the state to prosecute its case. We treat the notice of appeal as a petition for writ of certiorari. State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982).
Richard Joseph, while operating an automobile in daylight, committed a traffic violation which was observed by two City of Miami police officers in a patrol car. The officers turned on the patrol car lights, whereupon Joseph sped away with the patrol car in close pursuit. When Joseph made a left turn at an intersection, the officers observed a yellow plastic bag, distinctively marked with black and red stripes, being thrown from Joseph’s automobile. This information was immediately relayed by radio to Officer Walters who was in another patrol car two blocks from the intersection, and who proceeded at once to the intersection where he retrieved a bag matching the description which he had received. Upon opening the bag, he found it to contain cocaine. He then delivered the bag to one of the patrol officers who identified it as one thrown from Joseph’s car.
At the hearing on the motion to exclude the bag and its contents as evidence, there were some conflicts in the officers’ testimony as to whether the bag had been thrown from the passenger’s side or the driver’s side of the Joseph vehicle, and whether the bag had been found by Officer Walters in the northwest quadrant or in the southwest quadrant of the intersection. The court, noting these conflicts, concluded that the State would be unable to prove that Joseph ever had in his possession the particular bag which was found at the intersection, as the facts did not show, to the court’s satisfaction, that the bag recovered at the intersection was the same bag which was thrown from Joseph’s vehicle. The court thereupon ruled that the bag would be irrelevant and immaterial to the charge of possession of cocaine and would be excluded from evidence.
The material fact issue in this case was Joseph’s possession of cocaine. Any evidence tending to prove or disprove a material fact is relevant, Section 90.401, Florida Statutes (1981); Drayton v. State, 292 So.2d 395 (Fla. 3d DCA 1974), and any fact relevant to the issue is admissible into evidence unless precluded by a specific rule of exclusion. Moreno v. State, 418 So.2d 1223, (Fla. 3d DCA 1982); § 90.402, Fla.Stat. (1981). The bag, which contained cocaine, was clearly relevant to the issue in this case if it was the same bag which the patrol officers had observed being thrown from Joseph’s vehicle. Given the very distinctive appearance of this bag, and an interval of approximately two minutes between the time the officers saw a bag thrown and the time Officer Walters recovered a bag of matching description at the same intersection, there would seem to be little likelihood that a jury would not be satisfied that it was the same bag, notwithstanding the conflicts in the officers’ testimony as to how the bag was thrown from the car and where in the intersection it was located by Officer Walters. Those conflicts would go to the weight or credibility of the evidence to be resolved by the trier of fact.
*393 The order excluding the bag and its contents is reversed and the cause remanded for further proceedings.
Reversed and remanded.