JOANOS, Judge.
This is an appeal from a trial in which a jury found Guy Calvin Barnes guilty of sale of cannabis, a third degree felony. Adjudication of guilt was withheld and he was placed on probation for three years. The appeal is premised on the allegation that the trial court erred in denying appellant’s motion in limine by which appellant sought to introduce evidence of prosecuto-rial intimidation of a defense witness. We affirm.
Appellant was charged with selling or aiding and abetting the sale of a controlled substance. The charge against appellant stemmed from the arrest of appellant’s father, John Barnes, on charges of selling controlled substances. The state alleged that appellant was present in his father’s business at the time an undercover officer purchased a quarter pound of marijuana from John Barnes. At this same meeting, the officer and John Barnes discussed the purchase of larger amounts of marijuana and Quaaludes.
Some time later, John Barnes arranged a delivery of what later proved to be counterfeit methaqualone tablets. The actual delivery was made by John Barnes’s youngest son, who was 17 at the time of the incident. John Barnes left the officer, after advising him that he (Barnes) would send his son over with the “Stuff.” As the officer counted out the money for purchase of the tablets, another officer placed Barnes’s youngest son under arrest. Later that same day, John Barnes was booked on two counts of sale of marijuana and one count of sale of counterfeit methaqualone. John Barnes pled guilty to one count of sale of marijuana and was placed on probation for three years.
*551 Appellant was arrested two weeks after the arrest of his father and youngest brother. He pled not guilty, and filed a motion to dismiss predicated on the position that he was not present at the business during the time period specified by the state as the time in which the transaction took place. In addition, appellant filed a notice of alibi, and a list of the witnesses by whom he proposed to establish his alibi.
Prior to trial, appellant filed a motion in limine seeking an order permitting introduction of evidence at trial that the prosecutor had attempted to intimidate John Barnes when he learned that John Barnes intended to file an affidavit stating that appellant had no part in and was not present at the drug transaction with which he had been charged. In a hearing on the motion, the trial court was advised that the prosecutor had telephoned John Barnes’s attorney to notify him that he might subject himself to prosecution for perjury or violation of probation in consequences of the affidavit. Appellant argued that the evidence should be admitted to serve as indication of the state’s lack of confidence in the strength of its case. The trial court ruled the evidence inadmissible unless John Barnes was induced to recant the testimony contained in his affidavit.
At trial, John Barnes’s testimony was consistent with his affidavit. During the charge conference, defense counsel again sought admission of the prosecutor’s communication with John Barnes’s attorney for the same reasons previously urged. Since John Barnes had not recanted, the trial court deemed the evidence irrelevant and excluded it on that basis.
Following a jury verdict, appellant filed a motion for new trial premised primarily on the ground that the trial court erred in excluding the prosecutor’s alleged intimidation of John Barnes. At hearing on the motion for new trial, defense counsel urged that had the evidence regarding the prosecutor’s response to John Barnes’s affidavit been admitted, counsel could have argued the courage — hence the credibility — of John Barnes. Appellant’s motion for new trial was denied, and this appeal followed.
We note at the outset that our affirmance in this case is not to be construed as approval of the prosecutor’s alleged conduct in communicating with John Barnes’s attorney. We find that the prosecutor’s alleged conduct must be deemed harmless error, however, State v. Murray, 443 So.2d 955, 956 (Fla.1984), for his communication with John Barnes’s attorney did not constitute “evidence tending to prove or disprove a material fact” at issue in this case. § 90.401, Fla.Stat. (1983). Appellant again urged submission of evidence of the prosecutor’s communication with John Barnes’s attorney as indicative of the state’s consciousness of the weakness of its case against appellant. Whether the evidence is in fact indicative of the state’s perception of the weakness of its case, it still does not constitute evidence tending to prove or disprove the guilt of the accused. The material fact in issue in this case was whether or not appellant was present at the August 9, 1982, drug transaction between an undercover officer and appellant’s father, John Barnes. Counsel for appellant urges that the notification to John Barnes that he risked prosecution for perjury if he testified at trial consistent with his affidavit constitutes evidence of intimidation, which should have been submitted to the jury as evidence that the state was uncertain that it could prevail on the charge against appellant. We decline this argument finding that the evidence which appellant sought to have admitted was not relevant to the material issue, i.e., whether or not appellant was present at the drug transaction between his father and the undercover officer. See: State v. Joseph, 419 So.2d 391, 392 (Fla. 3d DCA 1982).
Appellant may be correct in asserting that the proffered evidence was relevant to the issue of John Barnes’s credibility. John Barnes’s credibility was certainly a matter to be considered by the jury. The prosecutor in closing argued that John Barnes’s testimony was biased due to his natural interest in a favorable outcome for his son. For that reason, the testimony *552 regarding the prosecutor s alleged “threat to prosecute John Barnes for perjury may have been admissible to rebut or to counter the attack on John Barnes’s credibility. Mercer v. State, 40 Fla. 216, 24 So. 154, 159 (1898); Kellam v. Thomas, 287 So.2d 733, 734 (Fla. 4th DCA 1974); McCormick on Evidence § 49 (2d Ed. 1972). This credibility argument, however, was not presented to the trial judge during the trial so as to overcome the otherwise irrelevancy of the evidence. It was not argued until the hearing on the motion for new trial. It has been argued on appeal. However, since it was not timely presented, it is not cognizable on appeal and so we do not consider it. Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.