# STATE OF FLORIDA v GONZALEZ

## Case No. 87-280 CF

Nineteenth Judicial Circuit, Martin County

March 28, 1988

### APPEARANCES OF COUNSEL

**Donald Scaglione,** Assistant State Attorney, for plaintiff.

**Robert Makemson** for defendant.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *ORDER ON STATE'S MOTION IN LIMINE*

THIS MATTER came on for hearing pursuant to the State's Motion in Limine which seeks to exclude similar fact evidence proffered by the defense. (See generally 90.404(2)(A)).

The defense filed a notice of intent to utilize such evidence with

regard to a State witness, Sonja Gonzalez. In essence, Ms. Gonzalez,the evidence would show, on a prior occasion utilized her status as a member of Visiting Nurses Association to commit a Grand Theft. In the present case the defendant Weidman seeks to introduce the above evidence to show that Gonzalez, not he, stole jewelry from the defendant, Weidman's mother's home. The State concedes that Gonzalez did, in fact, use her status on previous occasions to steal jewelry from other patients and then did sell those proceeds. The State further indicated that Gonzalez would admit to the theft from Mrs. Weidman's and indicate that the defendant son along with a third person was involved in the theft.

F.S. 90.402 provides, in relevant part, that "all relevant evidence is admissible, except as provided by law." The defense argues that Gonzalez as a witness has placed her credibility in issue and that the proferred evidence goes directly to her credibility. The defense further argues that as Gonzalez is presently awaiting sentencing her prior activity goes directly to her possible bias and prejudice with regard to sentencing. Finally, defendant urges that the proferred testimony may show, by inference, that Gonzalez, not Weidman, stolen the items in question.

In any criminal case, credibility of a witness is a central issue. Evidence of bias or prejudice as it relates to a witness is not a collateral issue. Thus, in the Court's view, evidence that the witness Gonzalez has committed similar acts *for which she awaits sentencing* would be highly relevant on the issue of her motive to testify against Weidman and would thus go directly to her credibility (*Brown v. State,* 424 So.2d 950 (Fla. 1st DCA 1983)), and (*Ehrhardt, Fla. Evidence* at 608.4).

Additionally, the proferred evidence would inferentially demonstrate that she, not Weidman, was responsible for the theft. It has long been the law in Florida that a defendant can provide his innocence by proof of another's guilt. (*Pahl v. State,* 415 So.2d 42, (Fla. 2d DCA 1982)).

Indeed, in *Chandler v. State,* 366 So.2d 64 (Fla. 3d DCA 1979), the Court indicated that failure of the trial court to admit such evidence would be reversible error. This view was adopted by Judge Schoonover in *Pahl,* noted *supra,* and by Judge Ferguson in *Mureno v. State,* 418 So.2d 1223, (Fla. 3d DCA 1982).

In view of the similarity of the crimes attributed to the witness Gonzalez, her notice to testify for the State, and the inferential exculpatory effect of the evidence, the Court is of the view that the evidence is admissible and would not mislead or confuse the jury, F.S.

90.403, on the contrary the evidence is highly relevant to a just resolution of this case.

The Court is of the view that the rules of evidence as guides for truth seeking must be applied so as to ensure the fundamental concepts of due process and the reliability of the truth seeking process are safeguarded.

Based on the foregoing discussion, the State's Motion is denied.

DONE and ORDERED in Chambers, Martin County, Stuart, Florida, this 28th day of March, 1988.