STONE, Judge,
dissenting.
I would reverse Appellant’s conviction for first degree murder in the killing of her husband. In my judgment, it was error to exclude proffered evidence that the victim had sexually abused their daughter, even *969 though there was no proof that Appellant knew of it. Appellant’s daughter and her daughter’s boyfriend were also charged but were tried separately. All three were in the house at the time of the shooting.
Appellant’s theory of defense was that the boyfriend committed the murder. Appellant asserts that if evidence had been admitted indicating that the daughter’s motive was as strong as, or stronger than, Appellant’s motive, then the jury might have believed that the boyfriend, or the boyfriend and daughter, acted independently of Appellant, notwithstanding other evidence of Appellant’s involvement.
Generally, evidence of prior problems between the victim and third parties indicating another’s motive to commit the crime is deemed not relevant, and therefore inadmissable, unless it is connected with the offense in question. Horne v. State, 116 So.2d 664 (Fla. 2d DCA 1969). However, evidence concerning another’s motive to commit the crime is relevant and should be admitted where the third party is an accomplice or otherwise directly connected to the events involved in the crime charged. See Strickland v. State, 122 Fla. 384, 165 So. 289 (1936); Nunnally v. State, 42 GaApp. 410, 156 S.E. 461 (1930); Green v. State, 154 Tenn. 26, 285 S.W. 554 (1926); People v. Nitti, 312 Ill. 73, 143 N.E. 448 (1924). This is not inconsistent with other circumstances in which evidence tying third parties to a crime is admissable. See Robinson v. State, 80 Fla. 736, 87 So. 61 (1920); Corley v. State, 335 So.2d 849 (Fla. 2d DCA 1976). I also do not consider the error to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
I concur in affirming as to the other issues raised.